## BLAKE vs. RAEMISCH, impleaded, etc.

CHANGE OF VENUE:   *Action against maker and indorser of note.—Collusive indorsement.—Evidence.*

1. If, in an action against the maker and the indorser of a note, brought in the county where the latter but not the former resides, the indorsement were shown to have been procured by plaintiff collusively, for the purpose of having the action so brought, *it seems* that the venue should be changed on the maker's motion.
2. But an affidavit of the maker's attorney that, before the suit was brought, plaintiff applied to him to bring it, and that said indorsement was not then upon the note, *held* not sufficient evidence of such collusion, especially as against a verified complaint which alleges that the indorsement was made for value, before the note came into plaintiff's hands.

APPEAL from the Circuit Court for *Kenosha* County.

Action against *Raemisch* as maker, and one Baker as indorser, of a promissory note.   Baker did not answer. *Raemisch* answered by a general denial, and appealed from an order denying his motion for a change of venue.   The case is more fully stated in the opinion.

*Wm. F. & H. Vilas*, for appellant.
*Head & Quarles*, for respondent.

Blake vs. Raemisch, impleaded, etc.

PAINE, J.   This action, being on a promissory note against the maker, who resides in Dane county, and against the indorser, who resides in Kenosha county, was brought in the latter county.  The maker demanded a change in the place of trial, to Dane county; which being refused, he moved the court for an order changing it, which was refused, and he brings this appeal.

It is not denied that the action may as well have been brought in Kenosha as Dane county, if the indorser was really a genuine party to the suit.  But the claim is, that he was made a party by collusion, merely to enable the plaintiff to bring the suit in Kenosha county.  What would be the effect of such a fact, if established, upon the right to change the place of trial, it is unnecessary to determine.  It is probable that a plaintiff could not, by such a fraud upon the law, defeat the defendant's right to have the trial in the county where he resided, and in which the summons was served upon him.

But the order in this case was properly refused, for the reason that the fact of collusion was not established with sufficient certainty to justify the court in assuming it.  All that appears from the affidavit on which the motion was based is, that before this action was commenced, the plaintiff applied to the attorney of the maker to retain him to collect this and other notes of a similar character, which were submitted to his inspection, which retainer was declined on account of a previous retainer by the defendant, who anticipated a suit; and that at that time the attorney is quite positive the indorsement of the defendant who is now sued as indorser, was not upon the note.*  Conceding that fact, it will justify nothing stronger than mere suspicion, which is not a sufficient basis of judicial

* It seems that this interview occurred about a month before the note in suit became due; and that the note (which was for a patent right) was indorsed by the payee (one Presby) "without recourse."        REP.

action.   It might be explained in many ways consistent with an entire absence of any such collusion as is charged, and with the fact of the liability of the indorser sued.

And as the motion was made not only on the affidavit, but on the papers in the case, including the complaint, which was verified, and alleged that *Baker*, who is sued as indorser, indorsed for value, before the note was obtained by the plaintiff, the affidavit was not sufficient to overcome this allegation and show a collusive indorsement after the plaintiff owned the note, for the mere purpose of bringing suit in Kenosha.   For this reason the motion was properly denied, and the order must be affirmed.

*By the Court.*—Order affirmed.