## CARTER vs. H. AND E. SOMMERMEYER.

*Change of venue as related to question of residence.*

1. A change of venue cannot be demanded under the statute, on the ground that the county where the action is brought is not that in which defendants reside, unless it is shown that *none* of them reside therein.
2. A mere resolution or determination to change one's residence to another county, or an assertion by the party that he *had* changed his residence, *held* insufficient, where there was no actual removal, or where the party continued in the use and occupation of the same house and home, with all the *indicia* and circumstances of continued residence therein.

APPEAL from the Circuit Court for *Dunn* County. Action to recover for work and labor performed; commenced in the circuit court for Dunn county. Defendants moved for a change of venue to the county of Eau Claire, supporting the motion by affidavits that Eau Claire was the place where they both resided at the time of the commencement of the action, and the place where they were both served with the summons. The motion was opposed by counter-affidavits tending to show that the defendant *Henry Sommermeyer* had for several years resided in Dunn county; that he had not removed from said county when this action was commenced; and that he and his family were seen at their usual place of residence in said county, and occupying the same in the usual manner just prior thereto, and at various times thereafter, nor was it known by those living in the neighborhood that he had at any time changed his residence from Dunn county to Eau Claire. Motion denied; and defendants appealed from the order denying the motion.

*A. Meggett,* for the appellant, cited, on the question of residence and change of venue, *Chaine v. Wilson,* 8 Abb. Pr. R. 78; *S. C.,* 1 Bosw. 673; *Frost v. Brisbin,* 19 Wend. 11; R. S. sec. 4, ch. 124; *Foster v. Bacon,* 9 Wis. 345; *State ex rel. Brownell v. McArthur,* 13 Wis. 407.

Wis. xxvii—84

*F. J. McLean* (with *Stevens, Flower & Morris,* of counsel), for respondent, cited *Kimball v. Johnson,* 14 Wis. 674; *Walls v. Page,* 16 Wis. 66.

DIXON, C. J. The intention of the party often becomes material in testing the question of residence, and is sometimes the decisive fact or circumstance. But a person having already a fixed residence or place of abode cannot change it by intention merely. Mere mental resolution or determination, or the party's own affirmation that he has changed his residence, will not have the effect to change it, if there be no actual removal, or if the party continue the use and occupation of the same house and home with all the *indicia* and circumstances of continued residence therein. Such appears to have been the facts and circumstances with respect to the alleged change of residence of the defendant *Henry Sommermeyer* from the county of Dunn to the county of Eau Claire. At all events, the preponderance of testimony as shown by the affidavits, which are decidedly conflicting, tends strongly to this conclusion; and we are inclined to hold, as the court below did, that the fact of change of residence was not made out by the defendants. There is quite as good, and we think even better, ground for saying that the defendant *Henry* was a resident of Dunn county at the time of service, than that he was a resident of Eau Claire county.

It being conceded that the application for a change of venue ought not to have been granted unless both defendants were residents of the county of Eau Claire, or because one only of them was, it follows that the order appealed from should be affirmed.

*By the Court.*—Order affirmed.