## CAMPBELL vs. CHAMBERS and another.

CHANGE OF VENUE. (1) *When ch. 8, Laws of 1872, inapplicable to joint defendants.* (2) *Under general law, all defendants must be nonresident.* (3) *Assent of resident defendant does not authorize change.*

1. Chapter 8, Laws of 1872, provides that "in any action commenced in justice's court by summons personally served, if the defendant shall appeal from the judgment of the justice to the circuit court," he shall be entitled (on making proof of his residence in another county) to a *change of venue* of said action "to the circuit court of the county in which he resides." Where there were *two defendants* in such an action, and only one of them was personally served, but the other appeared to the action, and the record does not show that the latter was

Campbell vs. Chambers and another.

not a resident of the county in which such action was brought: *Held*, that the act does not apply, and the defendant served had no absolute right, on appeal from the justice, to a change of venue to the county of his residence.

2. Under the *general statute* relating to a change of venue (Tay. Stats., 1423–4), where there are two defendants, a change cannot be demanded on account of residence, unless it is shown that *both* the defendants are nonresidents of the county in which the action is brought. *Carter v. Sommermeyer*, 27 Wis., 665.

3. It makes no difference, in such a case, that the resident defendant does not object to the removal of the cause to the county where the other defendant resides.

APPEAL from the County Court of *Winnebago* County.

Action against *Chambers* and *Whitlock* as partners. The plaintiff appealed from an order of the county court, granting a change of venue to Waupaca county, upon the affidavit of *Chambers* alone. The opinion states the case.

*George W. Burnell*, for appellant, argued that, since *Chambers'* affidavit stated that he resided in Waupaca county, but was silent as to *Whitlock's* residence, the fair inference was that *Whitlock* resided in Winnebago county, or at least that he did not reside in Waupaca. The case then stands thus: Here are two joint defendants, jointly liable, uniting in their answer and appeal. One of them, if sued alone, would be entitled to the change, the other clearly would not. The court nevertheless sends the whole case to Waupaca county, because *Chambers* alone was entitled to have his interest tried there. Plaintiff is just as clearly entitled to have *Whitlock's* liability tried in Winnebago county. But if the court can thus divide the action, what would become of the record? A civil action can not thus be split up. Suppose it had been originally begun in the circuit court in a county in which one defendant resided. In such case the change could not have been granted. Tay. Stats., 1423, §§ 4 and 5. It follows, therefore, that the defendants must all reside in the county to which a change is sought. *Carter v. Sommermeyer*, 27 Wis., 665.

*Jeff. Murdock, contra,* contended that the affidavit of *Chambers* of his residence in Waupaca county entitled him absolutely to the change of venue. One defendant served with declaration may move for a change of venue, when the other defendant is not served. *Brodhead v. Stanton,* 2 How. Pr., 278. The *status* of the case is this: Two partners are sued as such, service of process being had on one alone. The statute gives to that one the right to a change of venue to his own county. He makes the affidavit required by law, in behalf of both. He has waived no right given him by the statute, but has complied with all its provisions, and the change is not opposed by his codefendant. To refuse a change of venue under such circumstances would render the statute a nullity where there are two or more defendants, and would put it in plaintiff's power to evade the statute at any time by joining a fictitious defendant.

COLE, J. This action was commenced in a justice's court in Winnebago county, against the defendants as partners. The summons was personally served upon the defendant *Chambers,* but as to *Whitlock* the sheriff returned it "not found," etc. Both defendants appeared in the justice's court and put in a joint answer of the general denial. There was a verdict and judgment for the plaintiff, when the defendants appealed the cause to the county court, both defendants signing the undertaking and notice of appeal. In the county court a motion was made for a change of venue to Waupaca county, founded upon an affidavit made by *Chambers,* who stated therein that he made it for and on behalf of himself and his codefendant; and further stated that he was on the day the summons was served upon him, and still was, a resident of Waupaca county. The court thereupon changed the place of trial to Waupaca county; and the regularity of this order is the question arising upon this appeal. It is insisted on the part of the defendants, that the venue was properly changed under ch. 8, Laws of 1872.

That chapter provides that in any action commenced in justice's court by summons personally served, if the defendant shall appeal, such defendant shall be entitled to a change of venue of said action to the circuit court of the county in which he resides, when it shall appear to the satisfaction of the court, by affidavit or otherwise, that he was, at the time such summons was served upon him, and still is, a resident of such county.

If *Chambers* were the sole defendant in the action, as a matter of course he would, upon the facts, be entitled to a change of venue under the statute. But he is not. Another party is joined with him as defendant, who, for aught that appears, may have been, when the suit was commenced and the order made, a resident of Winnebago county. If the defendant *Whitlock* was a resident of Winnebago county (and we must presume he was, or the contrary would have been stated in the affidavit of *Chambers*), then it is very clear that the venue could not be changed. For we hold it to be an erroneous construction of the law of 1872, to say that in an action where there are several defendants, the one "*personally served*" has the absolute right to a change of venue, although the other defendants may be residents of the county where the action is brought. Before the law of 1872, a defendant sued out of his county in a justice's court could not have a change of venue, although he might remove the cause to the circuit court by appeal. And it was to cure this supposed defect in the law, and for the purpose of giving the defendant under such circumstances the right to a change of venue, that the statute of 1872 was enacted. But where there is more than one defendant in the action, commenced in the justice's court but carried to the county or circuit court by appeal, then the right to a change of venue must depend upon the provisions of the general statute upon the subject, as all these acts in regard to the change of the place of trial must be construed together in order to arrive at the true result. In the case of *Carter v. Sommermeyer*, 27 Wis., 665, an application for a change of venue was made under the

general statute in an action where there were two defendants, and it was held that the right to a change did not exist unless both defendants were non-residents of the county where the action was brought. It must be made to appear affirmatively that none of the defendants reside in the county where the suit was commenced, otherwise the venue can not be changed on the ground of residence. See also *Blake v. Raemisch*, 26 Wis., 586. The case must be brought within the statute; and it is needless to remark that the affidavit of *Chambers* does not come up to this rule. It fails to show that *Whitlock* did not reside in Winnebago county, and we can not presume that he did not reside there. The case is controlled by the provisions of the general statute. It matters not that *Whitlock* does not object to the change of venue. The plaintiff has the right to insist upon the action being tried in the county where the action was brought, unless it is made to appear that none of the defendants reside in that county. If, as it is contended by the counsel for the defendants, the law of 1872 gives the defendant who is personally served the absolute right to a change of venue, regardless of the residence of his codefendant, it would follow that *Chambers* would be entitled to have this action tried in Waupaca county, although *Whitlock* resided in Winnebago county and desired to have the action tried in his county. But we are satisfied that this is not the proper construction of that law.

*By the Court.* — The order of the county court, changing the place of trial, is reversed, and the cause is remanded for further procedings according to law.