## VAN KLECK vs. HANCHETT and another.

*February 8 — March 2, 1881.*

*Removal of action to county of defendant's residence.*

1. Under section 2624, R. S., where an action, commenced in justice's court, or in the municipal court of Dane county (sec. 2517), is pending on appeal in the circuit court, the defendant, if he resided at the commencement of the action, and still resides, in another county, is entitled to have it removed to the county of his residence, upon motion made at the first term at which the action is noticed for trial, and accompanied by proof of such residence.

2. Such removal cannot be refused on the ground that a trial of the action in the court in which it is pending will promote the convenience of witnesses; especially where the defendant makes his motion before answering. *Couillard v. Johnson*, 24 Wis., 533, distinguished.

APPEAL from the Circuit Court for *Dane* County.

Defendants appealed from an order denying their motion for a change of venue. The case is stated in the opinion.

The cause was submitted for the appellants on the brief of *Morrow & Masters.*

For the respondent there was a brief by *Pinney & Sanborn,* and oral argument by *Mr. Pinney.*

COLE, C. J. This action was commenced in the municipal court of Dane county by the personal service of summons on the defendants at the city of Madison, they being then temporarily in said city, but in fact being residents of another county. There was no appearance on the part of the defendants in the municipal court, and judgment was rendered against them, from which they appealed to the circuit court of Dane county. The action was noticed for trial by the plaintiff at the April term, 1880, at which term the defendants moved for a change of venue, founding such motion upon an affidavit which showed that they were, when served with process, and had been for five years prior thereto, actual residents of Monroe county, and that they were temporarily in Dane county when the summons was served upon them.

Van Kleck vs. Hanchett and another.

On the hearing of the motion, the plaintiff resisted the change of venue, and produced and read in opposition thereto an affidavit, in which he states the facts which he expected to prove on the trial of the cause, and which facts he would establish by the testimony of certain witnesses named, who were residents of Dane county, where the transactions occurred out of which the cause of action arose. The circuit court denied the motion for a change, doubtless upon the ground that the convenience of witnesses required that the cause should be tried in Dane county. In this ruling, we think, the learned circuit court erred. Section 2624, R. S., provides that " the circuit court shall change the place of trial of any action, commenced before a justice of the peace by process personally served, *and pending upon appeal*, to the county in which the defendant resides, upon his motion, made at the first term at which the action shall be noticed for trial, if it shall be shown that he was, when so served with process, a resident of such county." The defendants come clearly and precisely within the terms of this statute, and were entitled to a change of venue on their application; for the municipal court of Dane county, so far as this action was concerned, occupied the same ground as a justice of the peace (section 2517), and an appeal from that court was subject to the provisions of law applicable to appeals from justices' courts.

It was insisted by the learned counsel for the respondent, that, under the decision in *Couillard v. Johnson*, 24 Wis., 533, the circuit court was authorized to inquire into the propriety of the change as respected the convenience of witnesses; but we cannot concur in that view. The language of the statute is clear and mandatory, and gave the defendants the absolute right to a change of the place of trial to the county where they resided. Besides, in this case, no issue had been joined, and it was premature and improper for the court to go into any inquiry as to whether the convenience of witnesses would or would not be promoted by retaining the cause for trial in

Dane county. *Bonnell v. Esterly*, 30 Wis., 549. See, also, *Campbell v. Chambers*, 34 Wis., 310. Until the answer came in, it was impossible for any one to tell, with any certainty, what the issues would be, or what material facts would be controverted or have to be established by evidence. Upon the facts of the case it seems to us plain that the rule laid down in *Couillard v. Johnson* should not govern as to defendant's right to the change of venue, and it would be contrary to the spirit and intent of the statute to so hold.

It follows from these views that the order of the circuit court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*By the Court.*— So ordered.