.MAIN and another vs. MCLAUGHLIN.

*October 30 — November 20, 1883.*

*Change of venue.*

Under sec. 2624, R. S. (which provides for a change of the place of trial upon motion of the defendant made at the first term at which the action shall be noticed for trial), it is not essential that the action should be actually noticed for trial, as a condition of the right or power of the court to change the place of trial. Nor need the motion for such change be made at the first term at which the action *could be* noticed for trial.

APPEAL from the Circuit Court for *Ashland* County.

The plaintiff appealed from an order changing the place of trial. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the briefs of *J. J. Miles,* and for the respondent on the brief of *Knight & Hayes.*

COLE, C. J. This action was commenced in the justice's court by the personal service of a warrant of attachment, and was taken by appeal to the circuit court. After the action had been pending in the circuit court nearly two years, a motion was made to change the place of trial to Milwaukee county. The motion was founded on the affidavit of

defendant, in which he states that at the time of the service of the warrant upon him in Ashland county he was a resident of the county of Milwaukee, and that he had ever since been a resident of the latter county: The circuit court ordered the place of trial changed to Milwaukee county, pursuant to sec. 2624, R. S.[1] It does not appear that the cause had ever been noticed for trial by either side. The order appealed from recites that the two terms of court succeeding the appeal lapsed, which was doubtless the reason why no action had been taken in the cause.

Such being the history of the case, we think the court was authorized to change the place of trial under the section above referred to. See *Van Kleck v. Hanchett*, 51 Wis., 398. It is true, that section provides that the change shall be made upon defendant's motion, made at the first term at which the action shall be noticed for trial. But, as we have said, it does not appear that it was ever noticed for trial. We infer from the language of the order that the place of trial was changed at the second term actually held in Ashland county after the appeal was taken. It is possible the court might have been justified at that term in dismissing the appeal, on motion, under sec. 3766, R. S., because not brought to hearing before the end of the second term after the return of the justice was filed, unless the delay had been excused. *Howe v. Elliott*, 24 Wis., 677. Be this as it may, no such motion was made. We cannot think it was essential that the cause should be noticed for trial as a condition to the right or power of the court to grant the motion for a

---

[1] Sec. 2624, R. S., reads as follows: "The circuit court shall change the place of trial of any action, commenced before a justice of the peace by process personally served, and pending upon appeal, to the county in which the defendant resides, upon his motion made at the first term at which the action shall be noticed for trial, if it shall be shown that he was, when so served with process, a resident of such county." — REP.

change, on a proper application. The plain object of the statute requiring the application to be made "at the first term at which the action shall be noticed for trial," is to prevent unnecessary delay in bringing appeals to a hearing. The learned counsel for the plaintiff insists that sec. 2624 should be construed as requiring the defendant to move for the change at the first term at which the action might *or could* be noticed for trial. We are not disposed to adopt that construction, because it would be changing the meaning of the statute as enacted by the legislature. Therefore we think the order must be affirmed.

*By the Court.*— Order affirmed.