Meiners vs. Loeb.

MEINERS, Appellant, vs. LOEB, Respondent.

*October 15 — November 3, 1885.*

*Change of venue: Action commenced in wrong county.*

64 343
86 303
86 532

Under sec. 2621, R. S., the right of the defendant to a change of venue when the county designated in the complaint is not the proper place of trial, is absolute if the demand and motion therefor are duly made. The court cannot retain the cause on the ground that the convenience of witnesses and the ends of justice would be promoted thereby. *Couillard v. Johnson*, 24 Wis. 533, overruled.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes*.

*Leopold Hammel*, for the respondent.

TAYLOR, J.   This is an appeal from an order of the county court of Milwaukee county, changing the place of trial of the action from the county of Milwaukee to the county of Outagamie.   The change was made on motion of the respondent, on the ground that he was a resident of Outa-' gamie county at the time of the service of the summons and at the time of making the motion for a change of the place of trial.   The action was on a promissory note.   The defendant had demanded a change of the place of trial within the time prescribed by sec. 2621, R. S. 1878, and the plaintiff having declined to assent to such change within the time prescribed, the defendant made his motion for an order of the court changing the same, within the time also prescribed by said section, and the motion was granted.

The motion was resisted on the part of the plaintiff by reading an affidavit tending to show that the convenience of witnesses required that the place of trial should be retained in Milwaukee county.   The plaintiff appealed from the order changing the place of trial, and alleges that the county court erred in not retaining the case in the county court of Milwaukee county, insisting that the affidavit of the appellant read in opposition to the motion shows that the convenience of witnesses and the ends of justice would be promoted by retaining the place of trial in Milwaukee county.   In support of his contention he cites and relies solely upon the case of *Couillard v. Johnson*, 24 Wis. 533. That case differs from the case at bar in this respect:   In that case, the court below refused to grant the motion to change the place of trial, because the convenience of wit-

nesses and the ends of justice required that it should not be changed, and this court affirmed the order of the court below. In the case at bar, the court below granted the order against the opposition made on the ground of the convenience of witnesses. Notwithstanding the case of *Couillard v. Johnson*, the order of the court in this case should be affirmed, even had there been no change of the law upon that subject since that case was decided. The court below might well have overruled the objection to removing the case, for the reason that the plaintiff had not made a cross-motion to retain the same in the county court of Milwaukee county on the ground that the convenience of witnesses required its retention there, so as to enable the defendant to meet such objection to the removal by proofs on his part. Under the decision in *Couillard v. Johnson*, we think the court might use its discretion in that respect, and disregard the objection of the plaintiff to the removal upon that ground alone.

In *Veeder v. Baker*, 83 N. Y. 156, the court of appeals, speaking of the right of defendant to a removal of the case to the proper county, say: " The defendant in such case has the right to move for the change solely upon the ground that the proper county is not stated in the complaint, and if he can be met on the motion by affidavits showing that an impartial trial cannot be had in the county to which he demands the change, or that the convenience of witnesses or the ends of justice will be promoted by refusing the change, he may be taken by surprise, and cannot be prepared to meet such affidavits. Hence the orderly and regular practice is to order the change upon defendant's motion, and then, if the plaintiff desires to change to any other county on the ground stated in the last two specifications of sec. 987, he must make his motion upon affidavits which the defendant can be prepared to meet." The law in New York when this case was decided, was the same as

the law of this state when *Couillard v. Johnson* was de-
cided. But we think that sec. 2621, R. S., has changed the
law as it stood when the decision in *Couillard v. Johnson*
was made, and that a motion to change the place of trial
to the proper county cannot now be met even by a counter-
motion to retain the case in the county where it was com-
menced on account of the convenience of witnesses.

It is the plaintiff's duty to commence the action in the
proper county, and if he does not, it is his duty to consent
to the change to the proper county when demanded by the
defendant; and if he refuses to assent to such change when
demanded, it is the duty of the court, on motion made
within the proper time, to make an order changing the
place of trial to the proper county. If we can give any
force to the last sentence of said sec. 2621, we think it is
very clear that the right to have the place of trial changed
to the proper county is absolute when demanded and the
motion to change is made within the time prescribed. The
sentence referred to reads as follows: "The right to obtain
a change of the place of trial by proceedings as aforesaid,
shall not be affected by any other proceedings in the action."
This sentence is new, and was not the law when *Couillard
v. Johnson* was decided. A motion to remove the place of
trial for the convenience of witnesses, or to retain the
action in the county where the action is commenced for
that cause, is clearly a proceeding in the action within the
meaning of the language quoted.

We think the case of *Couillard v. Johnson* should not be
followed under the present law, and that the right to re-
move the action to the proper county is absolute in cases
originally commenced in courts of record, as well as in
cases of appeal from justices' courts. Under sec. 2624, R.
S., it was held by this court that the right to change the
place of trial was absolute, and could not be defeated on
the ground that the convenience of witnesses required that

it should be retained in the county where the action was commenced. *Van Kleck v. Hanchett*, 51 Wis. 398; *Woodward v. Hanchett*, 52 Wis. 482, 487.

It is true that in sec. 2624 the word "shall" is used instead of the word "may," in sec. 2622. But when sec. 2622 is read in connection with sec. 2621, it is evident that the word "may" in sec. 2622, as applied to removals for the reason that the county designated in the complaint for the place of trial is not the proper county, is equally mandatory as the word "shall," in sec. 2624.

*By the Court.*— The order of the county court is affirmed, and the cause is remanded for further proceedings.