RAYSON, Respondent, vs. HORTON and another, Appellants.

*April 27 — May 15, 1895.*

*Change of venue: Appeal from municipal court: Foreclosure of lien on logs, etc.*

The right of a defendant, under sec. 2624, S. & B. Ann. Stats., to have the place of trial of an action pending on appeal from a justice's or municipal court changed to the county of his residence, is absolute in the case therein specified, whether the action was or was not properly brought in the county in which it was commenced; and said section is not in any respect repealed or modified by

Rayson vs. Horton and another.

sec. 2, ch. 139, Laws of 1891, which provides that the petition for a lien on logs, etc., shall be filed in the county in which the labor or services were performed, or, when the property has been transported to another county, the petition may be filed, and an action to foreclose the lien brought, in the county where the property is at the time of filing the petition.

APPEAL from a judgment of the circuit court for Oneida county: CHARLES V. BARDEEN, Circuit Judge. *Reversed.*

This action was commenced in the municipal court of Oneida county, to foreclose a laborer's lien against certain railroad ties, etc., in that county, for work and labor performed thereon by the plaintiff. The defendants appeared in the action, and from a judgment rendered therein against them they appealed to the circuit court for Oneida county, and thereupon moved that court to change the place of trial of the action to Price county, on the ground that they were then, and at the time the action was commenced, residents of that county. The motion was opposed on the ground that the action was one commenced under ch. 139, Laws of 1891, entitled "An act in relation to liens on logs and lumber," and that the specific property on which a lien was claimed had been attached, and that the place of trial could not be changed for the reasons assigned. The circuit court denied the motion, and the plaintiff obtained judgment in that court, from which the defendants appealed.

The cause was submitted for the appellants on the brief of *Anson Green,* attorney, and *Levi J. Billings,* of counsel, and for the respondent on that of *Miller & McCormick.*

PINNEY, J. The statute (sec. 2624, S. & B. Ann. Stats.) makes it the duty of the circuit court to "change the place of trial of any action commenced before a justice of the peace or municipal court by process personally served, or wherein the defendant shall enter his appearance in such justice or municipal court, and pending upon appeal, to the

Rayson vs. Horton and another.

circuit court of the county in which the defendant resides, upon his motion made at the first term at which the action shall be noticed for trial, if it shall be shown that he was, when the action was commenced, a resident of such county." The application in this case was made in due season and upon a state of facts bringing the case clearly within the statute. This section of the statute is broader in its scope and effect than sec. 2621, which extends only to cases where the county designated in the summons or complaint " is not the proper place of trial." It secures an absolute right to a change of the place of trial in the case specified in it, whether the action was or was not properly brought in the county where it was commenced. The case of *Van Kleck v. Hanchett*, 51 Wis. 398, is decisive of the question involved. Whether the action is local or transitory in its nature cannot make any difference. In either case it is within the plain language of the section. Although the statute governing the action (Laws of 1891, ch. 139, sec. 2) provides that the petition for a lien shall be filed in the office of the clerk of the circuit court of the county in which the labor or services were done or performed, or, when the property has been transported to another county, that the petition may be filed, and an action to foreclose the lien brought, in the county where the property is at the time of filing the petition, the right of the defendant to a change of the place of trial upon the grounds specified in this case remains, as clearly so as if the application had been founded on alleged prejudice of the circuit judge. It is entirely clear that the provisions in the act of 1891 do not in any respect repeal or modify sec. 2624, under which the application in question was made. It was error to deny it, for which the judgment appealed from must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to grant the defendants' application for a change of place of trial.