STATE EX REL. BESSIE vs. HALSEY, Circuit Judge.

*January 9—January 30, 1912.*

*Change of venue: Demand: Sufficiency.*

Where, under subd. 6, sec. 2619, Stats. (1898), the county in which the sole defendant resided was the only proper place of trial of an action, a demand by him that the trial be had within said county, naming it, "for the reason that the said defendant, at the time of the commencement of the action and for many months prior thereto, resided and still resides in such county," was sufficient under sec. 2621, although it did not in terms state that said county was "the proper county." *Anderson v. Arpin H. L. Co.* 131 Wis. 34, distinguished.

MANDAMUS to the Judge of Branch No. 1 of the circuit court for Milwaukee county.   *Peremptory writ awarded.*

    The cause was submitted for the relator on the brief of *Husting & Husting,* and for the respondent on that of *Glicksman, Gold & Corrigan.*

PER CURIAM.   Within twenty days after the service of a summons and complaint in an action for slander and libel the

defendant served upon the plaintiff's attorneys a demand for a change of the place of trial of said action to Winnebago county, "for the reason that the said defendant, at the time of the commencement of said action and for many years prior thereto, resided and still resides in said county of Winnebago." There was no consent to the change. The defendant moved for an order changing the place of trial and the court denied the motion, apparently upon the authority of *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788. The cases are, however, distinguishable. In the *Anderson Case* there were two counties to either of which the defendant was entitled by statute to remove the cause for trial. The instant case is of such a nature that the statute gives the defendant the right to remove it to only one county, namely, Winnebago county, named in the demand. Under the facts in the instant case Winnebago county is by statute the proper county, and it would be quite a technicality to hold that the movant must ratify the statute by again declaring in his demand what the statute has already declared. The demand must be held sufficient. The circuit judge will therefore vacate his order denying the motion to change the place of trial and enter an order granting said motion as provided by statute. A peremptory writ of *mandamus* is awarded to that effect against the respondent, but without costs.