GANZER and others, Respondents, vs. ROSENFELD and another, Appellants.

*April 11—April 29, 1913.*

*Foreign corporations: Resident officers: Fraudulent acts: Conversion of property: Action in courts of this state: Jurisdiction.*

Stockholders and creditors of a foreign corporation which has its business office in this state may maintain an action in equity in the courts of this state against resident officers of the corporation to recover, on behalf of the corporation, corporate moneys converted by such officers, as well as moneys lost to the corporation by their fraudulent and negligent conduct.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Daniel H. Grady,* for the appellants, contended, *inter alia,* that the subject matter of the action pertains to the internal management of the affairs of a foreign corporation, over which the courts of this state have no jurisdiction. Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be a stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in the case of a foreign corporation our courts will not take jurisdiction. *North State C. & G. M. Co. v. Field,* 64 Md. 151, 20 Atl. 1039; 19 Cyc. 1236; *New Haven H. N. Co. v. Linden S. Co.* 142 Mass. 349, 7 N. E. 773; *Wason v. Buzzell,* 181 Mass. 338, 63 N. E. 909; *Kimball v. St. L. & S. F. R. Co.* 157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250; *Madden v. Penn E. L. Co.* 181 Pa. St. 617, 37 Atl. 817, 38 L. R. A. 638; *McCloskey v. Snowden,* 212 Pa. St. 249, 61 Atl. 796, 108 Am. St. Rep. 867; *Taylor v. Mut. R. F. L. Asso.* 97 Va. 60, 33 S. E. 385, 45 L. R. A. 621; *Howard v. Mut. R. F. L. Asso.* 125 N. C. 49, 34 S. E. 199,

45 L. R. A. 853. The corporation not being licensed to transact business in Wisconsin and not having had twenty per cent. of its stock paid in nor one half thereof even subscribed, it could not maintain this action in the courts of this state. The action being one for the benefit of an alleged foreign corporation not complying with the laws of Wisconsin, it follows that the courts of this state have no jurisdiction of the subject matter; and as the corporation could not maintain the action in its own behalf upon the facts stated, an action on behalf of a stockholder for the benefit of the corporation cannot be maintained.

For the respondents the cause was submitted on the brief of *Grotophorst, Evans & Thomas.* .

WINSLOW, C. J. This is an appeal from an order overruling a general demurrer to the complaint. The only serious question involved is whether stockholders and creditors of a foreign corporation, which has its business office in this state, may maintain an action in equity in the courts of this state against resident officers of the corporation to recover, on behalf of the corporation, corporate moneys converted by such officers, as well as moneys lost to the corporation by their fraudulent and negligent conduct. This question must be answered in the affirmative. It is doubtless true that the courts of a state will not assume to dissolve or regulate the internal affairs of a foreign corporation,—in other words, they will not exercise visitorial powers over such a corporation; but they may and will, in a proper case, require an accounting and restoration of property and money misappropriated or wasted by unfaithful officers who are within their jurisdiction. *Miller v. Quincy,* 179 N. Y. 294, 72 N. E. 116; *Richardson v. Clinton W. T. M. Co.* 181 Mass. 580, 64 N. E. 400; 19 Cyc. 1236–1238.

*By the Court.*—Order affirmed.