198    SUPREME COURT OF WISCONSIN.    [Feb.

State ex rel. Wisconsin D. M. Co. v. Circuit Court, 176 Wis. 198.

State ex rel. Wisconsin Dry Milk Company and others, Petitioners, vs. Circuit Court for Dodge County and another, Defendants.

*January 10—February 7, 1922.*

*Corporations: Venue of action against foreign corporation: Accounting: Liquidation: Principal place of business: Visitorial powers over foreign corporations: Sufficiency of demand to change venue: Statutes: Construction: "Or" and "and."*

1. Sub. 6, sec. 2619, Stats., placing the venue of actions against "any other corporation existing under the law of this state" in the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose, includes foreign corporations.

2. Under said sub. 6 the proper place of trial of an action against a foreign manufacturing corporation is the county where it has its principal office or in which the cause of action or some part thereof arose, although it has its factory or the greater part of its property in another county.

3. The words "or" and "and" in statutes are often used incorrectly; and where a strict reading renders the sense dubious, one may be read in place of the other, in deference to the meaning of the context.

4. An action to recover in behalf of a foreign corporation moneys converted by its officers, as well as moneys lost to the corporation by their fraudulent and negligent conduct, may be maintained.

5. Though the state courts will not assume to exercise visitorial powers over a foreign corporation, and, in the absence of statutes, proceedings to forfeit a corporate franchise must be brought in the country or state in which the corporation was created, creditors and stockholders are not without remedy in the state for the fraudulent conduct of its directors and officers.

6. In an equitable action to recover in behalf of a foreign corporation moneys converted by its officers as well as moneys lost to the corporation by their fraudulent and negligent conduct, it is *held* that neither the cause of action nor any part thereof arose within the county where the action was brought, though numerous acts occurred in such county incidental to and leading up to the cause of action and quite necessary to its maintenance, and the action should be removed to the county where the corporation had its principal place of business.

7. Where defendant was entitled to remove the cause for trial only to the county designated in his demand, it cannot be said that the motion papers were insufficient because they failed to demand that the trial be had within the "proper county," as required by statute.

THIS IS A *mandamus* proceeding brought to compel the circuit judge of the Thirteenth circuit to change the place of trial from Dodge county to Milwaukee county of an action brought by Fred W. Rogers against the *Wisconsin Dry Milk Company,* a Delaware corporation, and certain of its officers and directors.

The action was commenced on November 15, 1921, by service of a summons and complaint. Defendants moved for a change of the place of trial, which motion was denied. The facts are stated in the opinion.

For the relators there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *Frank T. Boesel.*

For the defendants there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *M. L. Lueck.*

JONES, J. The complaint in the original action alleged that the defendant corporation was organized under the laws of Delaware, and that its property, adapted to the manufacture of milk powder from whole milk, is situated in Dodge county, Wisconsin; that the plaintiff is a stockholder in the corporation; that on December 31, 1920, there were not sufficient assets to pay the liabilities of the corporation; that property was inventoried at an excessive value; that since December 31, 1920, by reason of gross mismanagement, the corporation had been losing money, and its assets were being wasted and that there was danger of bankruptcy and loss to creditors and stockholders; and that under proper management substantial profits could be made; that since said date the corporation has been under the management of incompetent officials, causing heavy losses; that excessive salaries are being paid to incompetent

men; that it is necessary to have the co-operation of farmers in the vicinity of the plant, and that an organization antagonistic to defendant is being attempted by the officers of the company, whereby the corporation is being undermined; that the individual defendants are or have been officers or directors of the corporation; that they carried out a plan for acquiring stock without paying therefor by reporting a much greater purchase price for land and other property than was in fact paid, whereby large sums were converted to the use of the individual defendants; that an extensive selling campaign was organized by the individual defendants and a large number of canvassers were employed to obtain purchasers of stock of the corporation, who operated extensively in Dodge county, and made false representations as to the value of the stock whereby not less than $200,000 was wrongfully diverted from the corporation and converted to the use of the individual defendants; and that the plaintiff, among others, was so defrauded.

The complaint prays that the affairs of the corporation be wound up and its assets distributed; that a receiver be appointed to carry on the business, and finally to sell the assets, pay the debts, and distribute the surplus among the stockholders; that the individual defendants be required to account for their fraudulent transactions; for an injunction, and such other relief as may be just.

The above is a mere outline of the elaborate complaint, but is deemed sufficient to present the questions raised.

There is very great diversity in state statutes relating to the place of trial of actions against foreign corporations. We find statutes permitting them to be sued wherever a state agent resides; wherever the cause of action arose or an agent is located; only where the principal office and place of business are located; where their business is done or corporate franchises are exercised; any county where they do business by an agent; where they have a business office

or a resident representative on whom process may be served; where they have property, or debts due; or where one of the parties resides.

There is such lack of uniformity in these statutes that very little aid can be obtained from judicial decisions construing them.   Although there may be quite a similarity between the statutes on the subject, the presence or omission of a clause or even a word may cause a court decision, however able, in construing one statute, to be of little value in construing the other.   It would be a real service to the administration of justice if statutes could be adopted in the several states providing for uniformity in determining the mode of service of process on corporations, foreign and domestic, and the places of trial.

In this state, sec. 2619 regulates the place of trial of actions, and is followed by other sections relating to change of venue.   The first subdivision deals with local actions; the second with actions against public officers, and penalties and forfeitures; the third with actions for divorce; the fourth with interurban railroads; and the fifth with insurance companies.

It is conceded by both petitioners and defendants that the question before us is to be settled by a construction of one of the following sections:

"*Against other corporations.*   Sixth. Of an action against any other corporation existing under the law of this state, the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose.

"*Other actions.*   Seventh. Of any other action, the county in which any defendant resides at the commencement of the action; or if neither defendant resides within this state, any county which the plaintiff designates in his complaint."

Subdivisions eight, nine, and ten relate to actions brought by the state, against the state, and actions on official bonds.

It is argued by counsel for petitioners that the only subdivision of the section applicable to the situation in this case

is the seventh; that this is the only one that contemplates the contingency of there being several defendants in an action whose residences may be in different counties of the state.    Then it is argued that since this subdivision governs, the residence of the corporation fixed the place of trial, and numerous authorities are cited to the proposition that the residence of a foreign corporation is where the principal office is located.

Subdivision seven does not specifically include corporations, foreign or domestic.    It evidently relates to a large class of transitory actions not enumerated in the other subdivisions.

Counsel for petitioners argue that subdivision six cannot include foreign corporations because they are not "existing under the law of this state."    Of course a foreign corporation is created and exists in the state where it received its charter.    But can it be said that it exists nowhere else? The first definition of the word "exist" in the Century Dictionary is, "to have actual being of any kind."    It is not an uncommon practice for corporations to be incorporated under the laws of some state which are deemed favorable and to conduct substantially their entire business in some other distant state.    The corporation could not have legally carried on business in Wisconsin until it complied with our statute regulating the admission of foreign corporations to do business in this state.    After such compliance, it became a corporation existing under the law of this state.    In the various subdivisions of the statute there is no mention of foreign corporations unless they are included in the words, "of an action against any other corporation existing under the law of this state."    It is our view that this language includes domestic corporations not otherwise designated in this statute and foreign corporations as well.

It is argued by counsel for defendants in this proceeding that since the manufacturing plant of the corporation is located and operated in Dodge county, that is the county in

State ex rel. Wisconsin D. M. Co. v. Circuit Court, 176 Wis. 198.

which the corporation is situated, and the proper place for trial, notwithstanding the principal office or place of business is in Milwaukee.

In actions against railroads the statute provides that a proper place of trial is the county in which plaintiff resides, if the road extends into such county, or the county in which the cause of action arose, and if the road does not extend into either such county the action may be commenced in any county into which the road does extend. The legislature might have enacted that actions against corporations in general might be tried in any county in which the same has property, or, indeed, in any county of the state, but this has not been the legislative policy. Many corporations in this state, foreign and domestic, have property and branch offices in many parts of the state. We do not think it has been the understanding of the profession that such facts made the location of the office or the property the proper place of trial for transitory actions.

A rule that actions against corporations are triable in any county where they may have property would lead to much uncertainty and confusion. It is true that in this case the plant is operated and most of the tangible property is located in Dodge county, but the rule should be general in its application and not affected by the amount of property in the respective counties.

There is force in the argument that, in order to give full effect to the words "the county in which it is situated," it should be held that Dodge county was a proper place for trial. This clause is followed by the words, "or has its principal office or place of business." Counsel for defendants in this proceeding have cited *Spratley v. L. & A. R. Co.* 77 Ark. 412, 95 S. W. 776, where it was held, construing quite similar language, that for the purpose of service under the statute a corporation is situated where it has its principal office or place of business; that the qualifying term "principal" precluded the idea of there being more than one

office or place of business where the corporation might be served, and that a different construction would change the meaning of the word. But on rehearing it was held that this construction of the statute was not correct, and that the situation of the corporation and its principal office might be in different places and that suit might be maintained in either county.

A majority of this court are of the opinion that the former decision of the Arkansas court was correct, and the proper place of trial of the present action is the county where the corporation has its principal office or the county in which the cause of action or some part thereof arose.

It is a familiar rule of construction that the words "or" and "and" are often used incorrectly, and that where a strict reading would render the sense dubious one may be read in place of the other, in deference to the meaning of the context. *Menominee River B. Co. v. Augustus Spies L: & C. Co.* 147 Wis. 559, 132 N. W. 1118; *State ex rel. Rich v. Steiner,* 160 Wis. 175, 151 N. W. 256; 2 Lewis' Sutherland on Stat. Constr. § 397.

It is our conclusion that the words "the county in which it is situated or has its principal office or place of business" means the principal office of the corporation. It is there that the books and records of the corporation are supposed to be kept and there its principal officers are supposed to attend to the affairs of the company. In the absence of statutory regulation it is obviously the proper place for service to be made and actions against the company to be tried.

In this connection it is proper to refer to sub. 10, sec. 1770*b*, Stats., which, in part, is as follows:

"*Powers and rights limited to those of domestic corporations.* . . . All foreign corporations and the officers and agents thereof doing business in this state, shall be subjected to all the liabilities and restrictions that are, or may be imposed upon corporations of like character, organized

under the laws of this state, and shall have no other or greater powers."

This section does not specifically mention the service of process and the place of trial, but supports the view that foreign corporations should have no better right to changes of venue than domestic corporations.

This brings us to the question whether the cause of action or any part thereof arose in Dodge county where the manufacturing plant is located. This is in the nature of an equitable action to recover in behalf of the corporation moneys converted by its officers, as well as moneys lost to the corporation by their fraudulent and negligent conduct. That such an action may be maintained against the officers of a foreign corporation was decided in *Ganzer v. Rosenfeld*, 153 Wis. 442, 141 N. W. 121. In the opinion in that case it was said by Mr. Chief Justice WINSLOW:

"It is doubtless true that the courts of a state will not assume to dissolve or regulate the internal affairs of a foreign corporation,—in other words, they will not exercise visitorial powers over such a corporation; but they may and will, in a proper case, require an accounting and restoration of property and money misappropriated or wasted by unfaithful officers who are within their jurisdiction."

It is true that the courts of a state will not assume to exercise visitorial powers over a foreign corporation, and, in the absence of statutes, proceedings to forfeit a corporate franchise must be brought in the country or state in which the corporation was created. 12 Ruling Case Law, "Foreign Corporations," § 85. But creditors and stockholders are not without remedy for the fraudulent conduct of directors and officers.

"Where all necessary parties are within the jurisdiction, relief may be afforded to stockholders or creditors against fraud or illegality, even though to some extent it may involve interference with the internal management of a foreign corporation. Illegal, fraudulent, or *ultra vires* acts

have been restrained, although necessarily this involves an interference with the internal management.    A foreign corporation may maintain an action against former officers and directors who are resident within the jurisdiction to secure redress for negligent and fraudulent acts of defendants while officers of the corporation.    Where a stockholder may sue on behalf of the corporation to redress a wrong done to it by its officers, directors, or agents, in accordance with the established rules governing representative stockholders' suits, such suits may be brought by stockholders of foreign corporations against resident defendants without violating the rule against interference with the internal affairs of foreign corporations." 14A Corp. Jur. 1330, 1331, citing many cases.

The question whether any part of the cause of action in this cause of action arose in Dodge county is not free from difficulty.    It is alleged that fraudulent representations were made in Dodge county by canvassers procuring subscriptions to a large amount of stock whereby large sums were diverted from the corporation.    It is not stated that all of the subscriptions were obtained in that county, nor where they were paid.    No relief is demanded that the sales of stock be set aside.    So far as appears the purchasers still own the stock, and a claim is made that a large amount was wrongfully diverted from the treasury of the company and converted to the use of the individual defendants.    The gravamen of the complaint is that the directors and officers had fraudulently laid their plans to enrich themselves at the expense of the company, and by many acts of fraud, as well as by mismanagement and neglect, had succeeded in their plans.    It must be assumed in the absence of allegations to the contrary that the wrongful acts were planned at the principal place of business of the company in Milwaukee.    There would be no difficulty in coming to the conclusion that the main, primary cause of action arose at that place.    The more difficult question is whether "some part thereof" arose elsewhere.    The language of the statute was construed in *Bruil v. Northwestern M. R. Asso.* 72 Wis.

State ex rel. Wisconsin D. M. Co. v. Circuit Court, 176 Wis. 198.

430, 39 N. W. 529, where it was held that a proper place of trial of an action against a life insurance company was the county in which the insured resided and in which his death occurred. In the opinion Mr. Chief Justice COLE said:

"It seems to us clear that no cause of action arose on this contract until the death of the assured in Iowa county and notice thereof to the defendant. The words 'cause of action,' as here used, would seem to be synonymous with right of action, and include the act or omission without which there would be no cause of action or right of recovery. 'A cause of action is said to accrue to any person when that person first comes to a right to bring an action.'"

In *Hosley v. Wisconsin O. F. M. L. Ins. Co.* 86 Wis. 463, 57 N. W. 48, the principal office of the life insurance company was in Milwaukee. In the opinion by Mr. Justice WINSLOW, holding that La Crosse county was a proper place for trial, it was said:

"Of course, the making of the contract, the payment of the premiums, the death of the assured, and the furnishing of the proofs of death, are all essential and vital facts without which there would be no cause of action; but even with all of these facts no cause of action would be complete until ninety days had passed after the receipt of proofs without payment. It was the default in payment within the ninety days which made the cause of action perfect. Prior to this default an action would have been premature. This default took place in La Crosse county, because by the contract and by-laws of the company the check was to be delivered to the beneficiaries, and, as they were continuously residents of La Crosse, that delivery was to take place in La Crosse county."

In *State ex rel. Northwestern Mut. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436, it was held that no part of the cause of action on a life insurance policy arose in Waushara county. This was the residence of the assured until his death in Chicago. The notice and proofs of death were drawn in Waushara county and mailed there, and in that county the administrator of the estate of the

assured was appointed.    It was held that no part of the cause of action arose in Waushara county and that the proper place of trial was in Milwaukee county.

It will be seen that there may be numerous facts incidental to and leading up to a cause of action and quite necessary to its maintenance which are not a part of it within the meaning of the statute.    In the case before us there was a long chain of facts on which the plaintiff relied as showing the misconduct of the directors, and on which he relied in asking for the appointment of a receiver.    It would serve no useful purpose for us to attempt to lay down any general rule which should govern in all cases where the construction of this clause of the statute might come in question. The difficulty of such an undertaking is well illustrated in a very interesting and elaborate opinion by Mr. Chief Justice Winslow where the meaning of the terms "subject of the action" and "transaction" was discussed.    *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445.    We must be content to pass upon the problem here presented and leave each case to be determined when necessary.

We are not disposed to hold that the fact that the property of the corporation was located in Dodge county or that subscriptions for stock were taken there authorizes us to decide that a part of the cause of action arose within that county within the meaning of the statute.    To so hold might afford a precedent that, in suits by stockholders to wind up corporations and distribute the assets, and for the appointment of receivers, any misconduct of an agent in any county of the state would suffice to make that county the place of trial for such an action.

Defendants' counsel make the claim that the demand for change of venue was not sufficient, relying on *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788, where the moving party failed to demand in the motion papers that the trial be had within the "proper county" as required by the statute.    In a later case this court said:

"In the *Anderson Case* there were two counties to either

Herschman v. Chicago, M. & St. P. R. Co. 176 Wis. 209.

of which the defendant was entitled by statute to remove the cause for trial. The instant case is of such a nature that the statute gives the defendant the right to remove it to only one county, namely, Winnebago county, named in the demand. Under the facts in the instant case, Winnebago county is by statute the proper county, and it would be quite a technicality to hold that the movant must ratify the statute by again declaring in his demand what the statute has already declared. The demand must be held sufficient." *State ex rel. Bessie v. Halsey,* 148 Wis. 171, 172, 134 N. W. 362.

In the present case there was only one county to which the petitioners were entitled to have a removal, and the demand designated Milwaukee county as the proper place of trial and sufficiently described the location of the principal office and place of business of the corporation.

*By the Court.*—It is adjudged that the peremptory writ of *mandamus* issue as prayed in the petition, no costs to be taxed.