STATE EX REL. SHAWANO COUNTY, Plaintiff, vs. WERNER, Circuit Judge, Defendant.

*June 5—July 14, 1923.*

*Venue: Right to change: Demand: Form: Failure to designate proper county: More than one proper county for trial.*

1. Unless the cause of action, or some part of it, arose in the county where the action is brought, the right of two separate defendants residing in other counties to a change of venue is absolute if the proper procedure to effect the change is taken.

State ex rel. Shawano County v. Werner, 181 Wis. 275.

2. Where each of two defendants in writing demanded a change of venue from a county where no part of the cause of action arose, removal of the cause is properly ordered to the county where a defendant corporation had its principal ·office and place of business or to that of the residence of the other defendant; and the fact that the cause of action arose in one of them would be an additional reason for removal there.
3. Defendant, having the absolute right to a change of venue, must comply with the statute, the right being purely statutory.
4. Notices for a change of venue should state the "proper county" in which the trial should be had and why it is the only proper county, and, in case there be more than one county, state the reasons, and disclose the names of such counties.
5. If the notice had fully stated the facts and demanded a trial in either of the proper counties, and the plaintiff failed to respond, the court could, on notice, order the case sent to one of the counties designated in the demand.

APPEAL from an order of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge.    *Reversed.*

*Eberlein & Larson* of Shawano, for the plaintiff.

*Edgar V. Werner* of Shawano, *pro se.*

*Timothy Brown* of Madison, for defendant Froemming Brothers.

JONES, J.    A writ of *certiorari* was issued out of this court directed to Honorable EDGAR V. WERNER, Circuit Judge, to return to this court proceedings had in the case of Shawano County v. Froemming Brothers, a Wisconsin corporation, and Fred C. Schultz, defendants.    The petition and writ were in the usual form.    Return was made and there was a motion to quash the writ.    A stipulation was made that the motion to quash be heard on its merits.    The writ was applied for to review an order of the circuit court changing the venue from Shawano county to Washington county.

The complaint contains allegations as to the corporate existence of Shawano county and that of the defendant

Froemming Brothers, a domestic corporation having its office and principal place of business at Milwaukee, Wisconsin; that plaintiff was engaged in the construction of roads and bridges on state trunk highways of the state; that defendant Fred C. Schultz was engaged in excavating for road-construction purposes and contracting in the county of Washington, Wisconsin; that on May 13, 1922, plaintiff had an agreement whereby John F. Glawe was employed by plaintiff to perform work in connection with the construction of such highways in Shawano county and in assisting the county commissioner of highways in operating trucks in the state of Wisconsin where it was necessary; that this contract was made at the county of Shawano; that on May 13th defendants were engaged in work in the village of Barton, Washington county; that they made an excavation nine feet in depth in such manner that it was dangerous to travelers, and that no warning was given of the danger; that they failed to keep the highway guarded so as to prevent injury and left a dangerous trap for persons using the highway; that on said day said John F. Glawe, while in the employ of plaintiff and in the performance of his duties, while proceeding in a careful manner, was thrown into the said excavation and a truck fell upon him and killed him; that his widow filed a claim against Shawano county under the compensation laws, and at the hearing before the industrial commission judgment was rendered against the plaintiff in a large sum, part of which has been paid by plaintiff; that by virtue of the statutes this claim of the widow had been assigned to plaintiff and plaintiff was the owner thereof; that this claim was made at the county of Shawano and the award and payments have been there made; that a part of the cause of action arose in the county of Washington; that the suit was brought under proper resolution of the county board. The above is only an outline of the allegations of the complaint.

State ex rel. Shawano County v. Werner, 181 Wis. 275.

Within twenty days after service defendant Froemming Brothers appeared and made the following demand for a change of venue:

"Take notice that the undersigned is retained and hereby appears for the defendant Froemming Brothers, a Wisconsin corporation, in the above entitled action, and that defendant demands that the trial of this action be had within the county of Washington, state of Wisconsin, for the reason that the cause of action alleged and set forth in plaintiff's complaint arose in the said county of Washington, Wisconsin."

The defendant Schultz also appeared and made the following demand:

"Please take notice that the undersigned is retained and hereby appears for the defendant, Fred C. Schultz, in the above entitled action; and that the defendant demands that the trial of this action be held within the county of Washington and state of Wisconsin, for the reason that said defendant, Fred C. Schultz, at the time of the commencement of this action resided and still resides in the city of West Bend, in said county of Washington, and state of Wisconsin, and that the causes of action alleged in plaintiff's complaint arose in said county of Washington and state of Wisconsin."

On failure of the plaintiff to comply, an order to show cause was obtained by both defendants praying that the change be granted to the county of Washington. On this order the circuit court changed the venue to the county of Washington. The plaintiff excepted, and this writ of *certiorari* is taken to review the order.

Unless the cause of action or some part thereof arose in Shawano county, that county clearly was not a proper county for the trial of the action, and if the proper steps had been taken by defendants they had the absolute right under the statute to a change of venue. In that event there were two counties to either of which the case could have been properly removed. One was Milwaukee county, where, as

the complaint alleged, the corporation had its principal office and place of business; the other was Washington county, where the defendant Schultz resided. If the cause of action arose in Washington county that was an additional reason why that county was a proper place for trial.

Even though defendants had the right to a change of venue, that right was purely statutory and depended on compliance with the statute. It will be observed that in the present case both demands for the change of venue proceeded on the theory that Washington county was the only proper place for trial, and they both gave the plaintiff no alternative to consent to any other. If the notice had stated the facts fully and demanded that the trial be had in Washington county or Milwaukee county, the plaintiff would have been called upon to respond, and in case of failure so to do the court, on notice given, could have made an order sending the case to one of the counties designated in the demand. Sec. 2621, Stats.

The case of *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788, presented a somewhat similar situation. In that case there was only one defendant, but the facts were such that there was more than one county which might have been a proper place of trial. It was held that the demand should contain such statements "as to enable plaintiff to phrase his consent to a change with reference to the or any proper county;" that the scheme of the statute "contemplates a disclosure by the defendant of every fact required to be placed before the plaintiff's attorney in order for him to respond to the demand within the full scope of his privilege;" and that the words of the statute "call for a statement in the demand not only showing why the county where the action was brought was not the proper place for the trial, but considered with reference to what follows, as to consent and choice, for a statement of why the particular county to which the change is demanded is the proper place for the trial, or, in case of there being more than one county,

for a statement of the reasons and disclosing the names of such counties." *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 40, 41, 110 N. W. 788.

It was further held that the words of the statute, "the proper county," were material and should be embodied in the demand. It is true that in several later cases where it appeared that there was only one county to which the moving party had the right to ask for a removal, it was held that the demand sufficiently designated the county and stated the facts although the words "the proper county" were omitted. *State ex rel. Bessie v. Halsey,* 148 Wis. 171, 134 N. W. 362; *State ex rel. Wis. D. M. Co. v. Circuit Court,* 176 Wis. 198, 186 N. W. 732.

In these cases the *Anderson Case, supra,* was distinguished but not overruled, and it was cited in *Stahl v. Broeckert,* 167 Wis. 113, 166 N. W. 653, where a similar question arose and a demand was made in proper form and approved.

We conclude that in this case neither demand was made in conformity to the statute, and that the order changing the venue should not have been made. Counsel for the petitioner also make the claim that part of the cause of action arose in the county of Shawano, and that for this reason the motion for change of venue should have been denied. Since we hold that the motion should have been denied for the reasons already stated, it is unnecessary to decide this question.

*By the Court.*—The order changing the place of trial is reversed. The cause is remanded for further proceedings according to law. Petitioner to recover costs against Froemming Brothers, a corporation, the real party in interest.