State ex rel. Bobroff, Petitioner, vs. Braun, Circuit Judge, Respondent.

*October 14—November 9, 1932.*

For the relator there was a brief by *Raymond J. Cannon,* attorney, and *John L. Newman* of counsel, both of Milwaukee, and oral argument by *Mr. Newman.*

For the respondent there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy S. Stephenson.*

WICKHEM, J. The question here involved is whether the defendant, after the opening of a judgment by cognovit, entered in a county other than that in which he resides, may, as a matter of right, have a change of venue to the county of his residence.

The right to a change of venue is entirely statutory. *State ex rel. Shawano County v. Werner*, 181 Wis. 275, 194 N. W. 815. Hence, there must be found in the statutes the basis for defendant's right to a change of the place of trial. Sec. 261.01, Stats., provides:

"The proper place of trial of civil actions is as follows, respectively: . . .

"*Other actions.* Seventh. Of any other action, the county in which any defendant resides at the commencement of the action; or if neither defendant resides within this state, any county which the plaintiff designates in his complaint."

Sec. 261.02 provides that "In every action whatever the county designated in the complaint shall be the place of trial thereof, unless the same be changed in the time and manner hereinafter provided" (except actions relating to real property).

Sec. 261.03 provides that when the county designated in the summons or complaint is not the proper place of trial, the defendant, within twenty days after the service of the complaint, may serve upon the attorney for the plaintiff a written demand that the trial be held within the proper county. The section provides that within five days after the service of this demand the plaintiff's attorney may serve a written consent that the place of trial be changed. If this consent is not so served, the defendant may move to change the place of trial, and may have costs if his motion be granted.

Sec. 261.04 provides that the court or the presiding judge thereof may change the place of trial (1) where the county designated in the complaint is not the proper county, and

the defendant has moved within the time limited in sec. 261.03. In the situations covered by sub. (1) of sec. 261.04, the defendant has the absolute right to a change of venue. *State ex rel. Shawano County v. Werner, supra.*

The order changing the place of trial in this case was based, first, upon the fact that the proper venue was not laid, and second, upon the conclusion that vacating the judgment destroyed all of the features of the consent to it contained in the note, thus restoring the action to the status of an ordinary action.

We have concluded that this position is unsound. In the first place, the parties, by their original contract, agreed that judgment upon the note might be entered in any state or county, and this includes the understanding that it may be entered in any county in this state. In sec. 261.02 it is provided that in every action, except those dealing with real property, the county designated in the complaint shall be the place of trial, unless changed in the time and manner indicated in the succeeding sections. Sec. 261.03 sets forth the manner in which the place of trial may be changed, in the event that the county designated in the complaint is not the proper place of trial. These sections clearly indicate that the defendant may waive his right to insist upon a change of venue by failure to move in the manner prescribed in the section. If the defendant may thus waive his right by failing to move, he may also waive this right by agreement, and in this case he has waived it by his consent that judgment be entered in any state or county.

The respondent's contention that the order vacating the judgment was effective to reduce this action in all respects to the condition or status of an ordinary action must also be rejected. It is a well-recognized fact that an order opening a judgment entered by consent or upon a cognovit constitutes the exercise by the court merely of its equitable power to avoid injustice where there is a substantial de-

fense. It is equally well recognized that a judgment by confession operates as a release of errors, and cannot be carried up by appeal or *certiorari*. *Wessling v. Hieb*, 180 Wis. 160, 192 N. W. 458; *Second Ward Savings Bank v. Schranck*, 97 Wis. 250, 73 N. W. 31; *McCabe v. Sumner*, 40 Wis. 386; *Brown v. Parker*, 28 Wis. 21. In the *McCabe Case, supra*, this court, speaking through Mr. Chief Justice RYAN, said:

"But courts have generally, and we think rightly, looked closely into such judgments, to see that no substantial wrong has been done to the defendants, either in the judgments themselves or in the amounts for which they are entered up. And the equitable power which should not be invoked for immaterial irregularities, should surely be exercised against substantial injustice done by substantial irregularities."

In other words, this judgment could not have been disturbed merely because of failure to lay the proper venue, assuming that this was an irregularity, since all such irregularities are waived by the defendant. We are fortified in this conclusion by the further fact that the statute sets up no machinery applicable to the situation presented upon the opening of a judgment by cognovit, and evidently creates no absolute right to a change of venue in such a situation. Sec. 261.03 contemplates that the defendant, within twenty days after the service of the complaint, may serve his demand in writing that the trial be had within the proper county. Since no complaint is served in the process of obtaining a judgment by cognovit, it seems clear that the procedure outlined in sec. 261.03 was not intended to apply to judgments of this sort.

For the foregoing reasons, it is our conclusion that the writ should issue.

*By the Court.*—Let the writ issue.