STATE EX REL. TROST, Petitioner, vs. SCHINZ, Circuit Judge, Defendant.

*February 8—March 5, 1935.*

*Clarence P. Nett* of Milwaukee, for the petitioner.

For the defendant there was a brief by *Gold & McCann,* and oral argument by *Morris Karon,* all of Milwaukee.

NELSON, J.   It appears from the allegations of the petition and the return of WALTER SCHINZ, circuit judge, to the alternative writ of *mandamus* heretofore issued, that on the 18th day of April, 1933, Dr. W. C. F. Witte, as plaintiff, commenced an action in the civil court of Milwaukee county against Hugo J. Trost, as defendant, to recover the sum of $438 alleged to be due him for professional services rendered to Mrs. Trost at the special instance and request of the defendant; that on April 24, 1933, the defendant filed his answer; that on September 20, 1933, judgment was entered in said court in favor of the plaintiff and against the defendant for the sum of $512.60; that thereafter the defendant appealed from said judgment to the circuit court for Milwaukee county; that thereafter, at the first term at which such appeal was triable, and in asserted compliance with the provisions of sec. 28 (3a) of the Civil Court Act (ch. 261, Laws of 1913) and sec. 261.07, Stats. 1931, the defendant obtained an order requiring the plaintiff to show cause why the place of trial of said action should not be changed to the circuit court for Ozaukee county; that prior to the date of the order to show cause (motion) no demand in writing to change the place of trial was made or served upon the plaintiff; and that the circuit court refused to

change the place of trial, because the defendant had not served upon the plaintiff a written demand that the trial be had within Ozaukee county, prior to making his motion.

The question for decision is whether, in actions commenced in the civil court of Milwaukee county, and appealed to the circuit court, a non-resident defendant can compel a change of the place of trial to the county of his residence without first demanding in writing that the trial be had within the county of his residence, so as to permit the plaintiff to serve his written consent to such change or to specify to what county the action should be removed, under his option to name one of two or more counties in which the action may properly be tried.

To determine the question, several statutes must be construed. Sec. 261.04, which relates to the change of the place of trial of actions commenced in the circuit court, provides:

"261.04 *Change by court.* The court or the presiding judge thereof may change the place of trial in the following cases:

"(1) Where the county designated for that purpose in the complaint is not the proper county and the defendant has moved within the time limited in section 261.03. . . ."

Sec. 261.03 provides:

"261.03 *Change of place of trial by consent.* When the county designated in the summons or complaint in any action is not the proper place of trial thereof, . . . the defendant may, within twenty days after the service of the complaint, serve upon the attorney for the plaintiff a demand in writing that the trial be had within the proper county, specifying it, unless there be more than one such county, and the reason therefor. Within five days after service of such demand the plaintiff's attorney may serve a written consent that the place of trial be changed, and specify to what county, having the option to name one of two or more in which it may be properly triable, and such consent shall change the place of trial accordingly. If the plaintiff's consent be not so served the defendant may, within twenty days after the

service of his demand, move to change the place of trial, and shall have costs if his motion be granted. . . ."

Sec. 261.07, Stats. 1931, which was in effect when the order to show cause was made, is as follows:

"261.07  *Justice court appeals; change of venue.* The circuit court and any county court having civil jurisdiction shall change the place of trial of any action commenced before a justice of the peace or municipal court by process personally served, or wherein the defendant shall enter his appearance in such justice or municipal court upon motion of the defendant made at the first term at which the action shall be noticed for trial, *upon application in like manner* and for like causes as cases originally brought in the circuit court."

So much of sec. 28 (3a) of the Civil Court Act as need be considered is as follows:

"On any appeal from said civil court to the circuit court of Milwaukee county, the defendant or defendants, if they be all non-residents of the county of Milwaukee and reside in some other county of the state of Wisconsin, may upon motion at the first term at which such appeal action shall be for trial, apply for and have a change of the place of trial to the county of the said defendant's residence, *upon application in like manner* and for like causes as cases originally brought in the circuit court and as provided in like cases in appeals from justice court by section 261.07 of the statutes. . . ."

It is clear that when a change of the place of trial of an action commenced in the circuit court is sought, the defendant must comply with the provisions of sec. 261.03, and serve upon the attorney for the plaintiff a demand in writing that the trial be had within the proper county, specifying it, unless there be more than one such county, and the reason therefor, within twenty days after the service of the complaint. *Anderson v. Arpin Hardwood Lumber Co.* 131 Wis. 34, 110 N. W. 788; *State ex rel. Shawano County v.*

*Werner,* 181 Wis. 275, 194 N. W. 815. It is also clear that no change of the place of trial of an action commenced in the civil court of Milwaukee county can be had until the action is appealed to the circuit court. *Brust v. First Nat. Bank,* 184 Wis. 15, 198 N. W. 749.

The right to change the venue is entirely statutory and the basis for the defendant's right to a change of the place of trial must be found in the statutes. *State ex rel. Bobroff v. Braun,* 209 Wis. 483, 245 N. W. 176; *State ex rel. Shawano County v. Werner, supra.*

The procedure in the circuit court for obtaining a change of the place of trial of actions appealed either from justice court or the civil court of Milwaukee county is the same.

Sec. 261.07, relating to justice court appeals, provides:

"Upon motion of the defendant made at the first term at which the action shall be noticed for trial, *upon application in like manner and for like causes as cases originally brought in the circuit court.*"

Sec. 28 (3a) provides:

"The defendant . . . may upon motion at the first term at which such appeal action shall be for trial, apply for and have a change of the place of trial to the county of the said defendant's residence, *upon application in like manner and for like causes as cases originally brought in the circuit court and* as provided in like cases in appeals from justice court by section 261.07 of the statutes. . . ."

The petitioner contends that on appeals from justice court or from the civil court of Milwaukee county it is not necessary to make a demand in writing prior to making a motion (order to show cause), such as is concededly required in actions started in the circuit court. It is, however, contended on behalf of the learned circuit judge that a demand in writing to change the place of trial must also precede a like motion in an action appealed from the civil court of Milwaukee county. After careful consideration of the several applicable statutes, we are of the opinion that the con-

struction given to them by the circuit court is correct. While neither sec. 28 (3a) of the Civil Court Act nor sec. 261.07, Stats. 1931, contains the language, "demand in writing that the trial be had within the proper county," found in sec. 261.03, some reasonable meaning must be given to the language "upon application in like manner . . . as cases originally brought in the circuit court." If the petitioner's contention be sound, that language would be superfluous. We cannot believe that the legislature intended that it should have no meaning and serve no purpose. It is our opinion that the legislature intended that the language "upon application" should include "demand in writing," to the end that the plaintiff's attorney might consent to a change of the place of trial to the proper county, if only one, or exercise the option to name one of two or more counties in which the action would be properly triable, and to the further end that a change of the place of trial might be accomplished by consent and without motion costs.

The only difference between the procedure in actions commenced in the circuit court and those appealed from the civil court to it, is that in the former, demand in writing must be made within twenty days after the service of the complaint, and in the latter it may be made at the first term at which such action shall be for trial. Since this controversy arose sec. 261.07 has been amended by this court under its rule-making powers. Stats. 1933.

*By the Court.*—Writ denied.