Maher vs. The Davis & Starr Lumber Co.

MAHER, Respondent, vs. THE DAVIS & STARR LUMBER COM-
PANY, Appellant.

*November 29 — December 29, 1893.*

(1) *Change of venue: Convenience of witnesses: Waiver.* (2) *Contracts:
Performance in specified time: Delay caused by other party.*

1. Where a defendant corporation had the absolute right to have the
   place of trial changed to the county in which said corporation was
   located, plaintiff's opposition to such change on the ground that
   the convenience of witnesses and the ends.of justice would be pro-
   moted by retaining the cause in the county in which it was brought,
   and his final consent to the change, did not constitute a waiver of
   his right to have the venue changed back to the original county on
   said ground, if the.court of the county to which the first change
   was made should in its discretion so order.

2. Defendant having agreed in writing to pay plaintiff a certain amount
   for drawing lumber to defendant's yard, to furnish a wagon for
   such purpose, and to pay twenty-five cents additional for each 1,000
   feet if the whole quantity should be delivered in a specified time,
   plaintiff was entitled to recover the additional pay, although he
   did not complete the delivery in the specified time, if the delay was
   caused by defendant's refusal to furnish the wagon or failure to
   furnish the requisite facilities for unloading the lumber in the
   yard.

APPEAL from the Circuit Court for *Pepin* County.

The defendant corporation was located at Eau Claire, and
had a mill at Durand in Pepin county, where the plaintiff re-
sided.    On September 5, 1890, the plaintiff made a proposi-
tion to the defendant in writing, to the effect that he would
begin immediately to haul and deliver to the defendant, in its
said mill yard, about 60,000 feet of lumber therein described,
at the prices therein named, and complete such delivery on
or before November 1, 1890; that the plaintiff should re-
ceive his pay for the amount hauled at the end of each
week; that, if the whole amount should be delivered as
agreed, then the defendant should pay the plaintiff twenty-
five cents for each 1,000 feet so delivered, in addition to

the price named therein; that the defendant should furnish to the plaintiff free of charge, if he desired, one of its large wagons on which to haul said lumber; that the plaintiff should pay for all breakage or damage to said wagon while in his possession, and return it to said yard upon the completion of the job; that, should the amount exceed 60,000 feet, then the plaintiff should have ten days' additional time to complete the job. On the same day the defendant accepted said proposition in writing, and, in consideration of the performance of all the conditions therein, agreed to make the payments therein stated and in the manner set forth in said proposition.

The plaintiff delivered the lumber mentioned, but not within the time called for by the contract, and the defendant paid for hauling all of such lumber according to the prices named in said proposition, except the twenty-five cents additional, which it refused to pay. Thereupon, and on January 19, 1891, the plaintiff commenced this action by attachment in a justice's court in Pepin county. Issue was joined therein before said justice. On March 2, 1891, the plaintiff recovered judgment, and the defendant thereupon appealed from said judgment to the circuit court for Pepin county. Upon application of the defendant, the court, June 20, 1891, changed the venue to Eau Claire county, where the defendant resided. Upon the application of the plaintiff, the court, September 28, 1891, ordered the venue changed back to Pepin county, for the convenience of witnesses.

At the close of the trial of said action the jury returned a verdict in favor of the plaintiff and against the defendant for $16.97. From the judgment entered on said verdict, with costs, the defendant appeals.

For the appellant the cause was submitted on a brief signed by *Doolittle & Shoemaker.*

*C. M. Hilliard,* for the respondent.

CASSODAY, J.   The defendant took the requisite steps to secure the change of the place of trial from the county of Pepin to the county of Eau Claire, where the defendant was located.   The cause having been commenced in the wrong county, the defendant, under the statutes, had the absolute right to the change; and hence the court would have had no right to retain the cause on the ground that the convenience of witnesses and the ends of justice would be thereby promoted.   R. S. secs. 2621, 2624; *Van Kleck v. Hanchett,* 51 Wis. 398; *Meiners v. Loeb,* 64 Wis. 343.   It follows that such change was properly made by the circuit court for Pepin county.   In fact it was finally made, as recited in the order, by the *consent* of the plaintiff's attorney, although he had at first opposed the application on the ground that the convenience of witnesses and the ends of justice would be promoted by retaining the cause.   Subsequently the plaintiff, upon proper showing, moved the circuit court for Eau Claire county to change the venue back to Pepin county, on the ground that "the convenience of witnesses and the ends of justice would be promoted by the change;" and the same was changed accordingly.   Such change rested in the sound discretion of that court.   R. S. sec. 2622, subd. 3; *Postel v. Weinhagen, ante,* p. 302; *Challoner v. Boyington, ante,* p. 217; *Cartright v. Belmont,* 58 Wis. 370.   Being discretionary, and it not appearing that there was any abuse of such discretion, we must hold that such change was properly made.   The contention is that the plaintiff, by his opposition to the first change and then finally giving his assent thereto, had waived his right to have the venue changed back to Pepin county on the ground mentioned; but, under the statutes and the cases cited, the court was precluded on the first motion from considering the question of the convenience of witnesses and the ends of justice, and hence that question was not involved in the first order.

Maher vs. The Davis & Starr Lumber Co.

, We find no reversible error in the admission of evidence as to the prices to be paid for the hauling. There was no dispute or controversy as to such prices. The defendant paid all it had agreed to pay under the contract, except the twenty-five cents additional for every 1,000 feet mentioned therein. No judgment is to be reversed or affected by reason of errors which do not affect the substantial rights of the adverse party. R. S. sec. 2829.

The evidence appears to be sufficient to sustain the verdict. The case was submitted to the jury on the theory that the plaintiff could not recover the twenty-five cents additional for each 1,000 feet, unless the delay in completing the job was in consequence of the defendant's refusal to furnish the wagon, or its failure to furnish the requisite facilities for unloading the lumber in the yard. The testimony on the part of the plaintiff tended to prove that he at first procured the wagon from the defendant, and that the defendant thereafter caused the same to be taken away against his protest, but subsequently promised, from time to time, to send the wagon back, but failed to do so; that the defendant had insufficient help in the yard, and consequently the plaintiff was at times delayed several hours in unloading. The contract expressly provided that the lumber should be graded and scaled by the defendant's authorized representative at the yard. The charge of the court appears to have fully and fairly presented the case on both sides. The mere fact that it stated the claims of the respective parties is no ground for exception. The trial judge said: " The contract provides that it be unloaded in the yard, on piles to be designated by the defendant. The custom of the yard, it seems, was to have this lumber scaled as unloaded and piled, so they might know how much each man hauled, and to regulate his pay accordingly. Of course, more or less delay would result

necessarily, probably, in transacting the business, but the plaintiff claims this delay was unnecessary and unreasonable;" and so he left it to the jury to determine whether the delay, if any, was or was not unnecessary and unreasonable.

In regard to the plaintiff's claim that, after the making of the contract, he procured the wagon, and that the defendant took it away and agreed to return it to his place, the judge charged the jury, among other things, that: "Now, if you find as a fact that the defendant, by Mr. Nelson, as the agent, did agree to deliver a wagon,— not agreed to deliver it here at the yard, but agreed to take it up to the home of the plaintiff,— and the plaintiff relied upon such promise, and expected that wagon to be so delivered, and their failure to deliver that wagon was the reason why he could not deliver this lumber within the time (November 1st), with no fault on the part of this plaintiff, that would probably be sufficient excuse for not delivering the lumber by November 1st, and entitle plaintiff to the twenty-five cents extra. But, if there was no agreement to deliver the wagon at the plaintiff's home, but he was told and given to understand he could have one there by hauling it home, then I charge you, as a matter of law, it was his duty to accept a wagon there and haul it home. He should have taken it at the yard unless there was an express agreement to the contrary that it should be hauled to his house." We perceive no error in such portions of the charge. It was certainly competent to thus modify the written agreement by parol. The court then charged the jury, in effect, that the plaintiff could recover nothing for the use of the wagon; and then said: "I cannot allow any recovery here, except the twenty-five cents per M. extra; and, of course, whether you will allow that or not will depend upon whether the plaintiff was prevented from filling his contract by the

wrongful acts of the defendant,— that is, by the failure of the defendant to do its duty under the contract."

We find no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.