STATE EX REL. SCHAUER and another, Petitioners, vs. RIS-JORD, Circuit Judge, Defendant.

*March 15—April 8, 1924.*

*Venue: Right to change: Compliance with statute: When demand for change must be served.*

1. A defendant's right to procure a change of venue on demand being purely statutory, substantial compliance with the statute is necessary.   p. 556.

2. While sec. 2621, Stats., provides that, when a county designated in the summons or complaint is not the proper county, defendant may serve a demand as prescribed therein, the question as to which county is the proper county is to be determined from the complaint and not from the summons.    p. 556.

3. Under said sec. 2621, which further provides that where the county in which the action is begun is not the proper place of trial defendant may, "within twenty days after the service of the complaint," serve upon the plaintiff's attorney a demand for a change of venue, a demand made before service of the complaint is premature, as it should have been made after service of the complaint and before the expiration of twenty days therefrom, and the order refusing to change the venue was proper.    p. 557.

ORIGINAL PROCEEDING begun in this court by the issuance of an alternative writ of *mandamus:* G. N. RISJORD, Circuit Judge. *Writ denied.*

For the petitioners there was a brief by *Martin, Martin, Martin, Clifford & McHale* of Green Bay, and oral argument by *G. F. Clifford.*

For the defendant the cause was submitted on the briefs of *John J. Fisher* of Bayfield.

ROSENBERRY, J.    The petitioners here were defendants in an action begun against them in the circuit court for Bayfield county by Edward Boutin.    The summons in that action was served on the 17th day of September, 1923.    On the 24th day of September, 1923, the defendants in that action served a notice of retainer by mail upon the plaintiff's attorney, and on the same day they served upon the plaintiff's attorney a demand for a change of venue upon the ground that the county in which the action was commenced was not the proper county for.trial because the defendants were not residents of Bayfield county and that they were residents of Brown county, which was the proper county for the trial of the action.    On the 2d day of October, 1923, plaintiff's complaint was served.    The plaintiff's attorney failed at any time to serve upon the defendants a consent in

writing that the venue of the action might be changed. On the 6th day of October, 1923, the defendants served upon the plaintiff notice of an application for an order changing the venue of the action from Bayfield county to Brown county, returnable October 20th. With said notice of motion there was served upon the plaintiff a copy of an order to show cause, returnable October 20, 1923. The motion came on for hearing, the motion was denied, and the petitioners here ask that a peremptory writ issue requiring the circuit judge to make an order changing the place of trial from Bayfield county to Brown county, as required in the demand served September 24, 1923.

It is to be noted that the demand for a change of venue was served on the 24th of September, 1923; while the plaintiff's complaint was not served until October 2, 1923. The procedure where the county in which the action was begun is not the proper place of trial is prescribed by sec. 2621, Stats.:

"When the county designated in the summons or complaint in any action is not the proper place of trial thereof the defendant may, within twenty days after the service of the complaint, serve upon the attorney for the plaintiff a demand in writing that the trial be had within the proper county, specifying it, unless there be more than one such county, and the reason therefor. . . ."

In the return made to the alternative writ, one of the reasons assigned by the respondent for refusing to make an order changing the venue is that the demand for a change of venue was prematurely made and therefore ineffective under the statute. This raises the question of whether or not a demand under the quoted provisions of sec. 2621 is required to be made during the twenty days next after the service of the complaint or that the demand must be made not later than twenty days after the date of service of the complaint.

"Within" has been construed to mean "during." See

*First Nat. Bank v. Dimmick,* 177 Ala. 571, 594, 58 South. 658, 666. And it has also been construed to mean "not later than." See *Davies v. Miller,* 130 U. S. 284, 9 Sup. Ct. 560. The matter was considered inferentially at least in *Buckstaff v. Hanville,* 14 Wis. 77; *McDonald v. Vinette,* 58 Wis. 619, 17 N. W. 319.

The word as ordinarily understood means inside of or within the limits of, and is opposed to without. The matter, however, cannot be settled satisfactorily upon mere definition. As was said by the supreme court of Alabama, consideration must be given to the object and purpose of the statute and the end to be attained. The right to procure a change of venue upon demand is purely a statutory right, and substantial compliance with the statute is necessary, therefore, in order to bring the right of a party into existence. While the statute says that, when the county designated in the summons or complaint is not the proper county, the defendant may serve a demand as therein prescribed, it must be borne in mind that the question as to which county is the proper county is to be determined from the complaint, not from the summons.

It may be argued that service of a demand for a change of venue before the complaint is served is made at the peril of the party making it, and is a mere irregularity and effective if the change demanded is in fact to the proper county. The defendant is not the only party concerned. The plaintiff may, within five days after the service of the demand, indicate his consent. He must act within that time if he is to avoid costs of motion. If, as in this case, the demand is made before the complaint is served, the plaintiff may be required to determine whether or not he shall consent to a change of venue before the complaint is served or required to be served. After the complaint is served, all parties are advised as to the nature of the action and the proper place of trial is disclosed by the plaintiff's pleading. It certainly makes for a much more orderly practice to con-

strue the word "within" as meaning "during" rather than "not later than." The purpose and intent of the statute is carried out when that construction is given to it.

We feel obliged to hold that the demand was prematurely made because not made within the period prescribed by statute—that is, after the service of the complaint and before the expiration of twenty days therefrom. No seasonable demand having been made, the question of whether or not the papers were filed within the proper time as indicated in *State ex rel. Webster Mfg. Co. v. Reid,* 177 Wis. 612, 188 N. W. 67, is not before us.

*By the Court.*—The demurrer to the return is overruled and the petition for a peremptory writ is denied.