E. J. GUMBERT, Petitioner, v. DANIEL H. SHEEHAN, Judge, et al., Defendants.

COURTS: Jurisdiction—Municipal Courts—Territorial Limitations—
1 Effect. The municipal court has concurrent jurisdiction with the district court in the territory within the municipal court district, and not otherwise. (Secs. 694-c1, 694-c18, 694-c23, Suppl. Supp., 1915.)

VENUE: Change of Venue—Change from Municipal Courts. An action
2 instituted in the municipal court at Council Bluffs must be transferred, on proper motion, to the Avoca district court, on a showing that the plaintiff and defendant are both residents of the latter district. (Secs. 694-c1, 694-c18, 694-c23, Suppl. Supp., 1915.)

Headnote 1: 15 C. J. p. 992.   Headnote 2: 40 Cyc. p. 128.

*Certiorari to Council Bluffs Municipal Court.*—DANIEL H. SHEEHAN, Judge.

DECEMBER 15, 1925.

ACTION in certiorari, to review the action of the municipal court of Council Bluffs, Iowa, refusing a change of venue.—*Reversed.*

*Preston & Dillinger,* for petitioner.

*Addison G. Kistle,* for defendants.

ALBERT, J.—A preliminary statement of some of the facts is necessary to an intelligent understanding of the question involved.

In July, 1923, the petitioner herein, E. J. Gumbert, executed a promissory note for $508.31 to the American State Bank of Walnut, Iowa. Later, the note was duly transferred to the

1. COURTS: jurisdiction: municipal courts: territorial limitations: effect.

Walnut State Bank, which instituted a suit thereon on the first day of May, 1924, in the municipal court of Council Bluffs, Iowa. Defendant therein (being the petitioner herein) on

the 6th day of May following filed a motion for a change of place of trial, alleging, in the proper manner and with the proper showing, that Gumbert, the American State Bank, and the Walnut State Bank were, at all times involved, residents of the town of Walnut, Iowa; that the district court of Iowa in and for Pottawattamie County, at Avoca, had original and exclusive jurisdiction of matters arising east of the west line of Range 40 in Pottawattamie County; that the town of Walnut is located east of the west line of Range 40 in said county; and that both parties reside, and at all times have resided, east of said line. This motion was, on the 6th day of July, 1924, submitted and overruled. Following this, on the 31st day of July, the petitioner filed a motion to dismiss said cause in said municipal court, bottomed on the same grounds as set out in the former motion for change of venue, and on the same day filed a new motion for change of venue, covering substantially the same grounds. Both of these latter motions were overruled on the 7th day of January, 1925. This was followed by a petition for writ of certiorari in this court, which was filed on the 6th of February, 1925.

Under Chapter 198, Section 3, Acts of the Twentieth General Assembly, Chapter 134, Acts of the Twenty-first General Assembly, and Chapter 37, Acts of the Twenty-second General Assembly (Section 228, Code of 1897), Pottawattamie County is divided into two divisions. The district court was to be held in the western division at Council Bluffs, and in the eastern division at Avoca. Each of these courts operates independently of the other, and has complete jurisdiction in its territory. The statute especially provides that the Avoca division shall have exclusive jurisdiction of all matters arising east of the west line of Range 40. All parties to the original litigation herein were residents of the Avoca division.

The motion for a change of venue herein made, and also the motion to dismiss the case in the municipal court, were bottomed on the above facts. The municipal court was originally established under Chapter 106 of the Acts of the Thirty-sixth General Assembly, and, so far as material herein, Section 1 thereof provides:

2. VENUE: change of venue: change from municipal courts.

"That any city, * * * may establish a mu-

nicipal court under the provisions of this act by proceeding as hereinafter provided, and for the purpose of this act, the territorial limits of any such city shall be held to extend to the limits and include therein all civil townships in which said city or any part thereof is located.''

Subsequent sections provide for a special election at which the question of the establishment of such court shall be submitted, and all electors residing within the above described territory are entitled to vote at such election. If this section means anything, it is intended to describe and mark out the territorial district of said municipal court. Section 18 of said Chapter 106 provides:

''Said municipal court shall have concurrent jurisdiction with the district court, in all civil matters, where the amount in controversy does not exceed $1,000, except in probate matters, actions for divorce, alimony, separate maintenance, those directly affecting the title to real estate, and juvenile proceedings * * *.''

The narrow question presented here is whether or not, under these sections, the municipal court erred in overruling the motion first made for a change of venue. The question is not free from doubt. On first blush it might seem that there is a conflict between these sections of the statute, but on a more careful reading, it will be seen that they harmonize. In the enactment of the aforesaid Section 1, the legislature had some purpose, and it undoubtedly intended by said section to mark out the boundaries of the district of the municipal court. It could have no other purpose that we are able to discover from the various sections constituting the act which provides for the municipal court. In our opinion, its purpose was to create a judicial district out of the territory within the boundaries of the respective townships, as specified in said act.

The purpose, as we view it, of Section 18, giving concurrent jurisdiction with the district court, was to specify the subject-matter or the kind and character of litigation over which the municipal court was to have jurisdiction. It was not the purpose of Section 18 to make the jurisdiction of the municipal court concurrent with that of the district court in so far as territory was concerned. Thus construed, these two sections of

the law are harmonized. We are not unmindful, in reaching this conclusion, of the various decisions this court has made, interpreting statutes governing superior courts in this state; but a reading of the law creating such superior courts shows that it has no section corresponding with the first section above quoted, marking out the boundaries of its district. We think this differentiates the law establishing municipal courts from the one under which the superior courts were established. In other words, we think Section 18 should be construed to read that the municipal court has concurrent jurisdiction with the district court in the territory within the district of the municipal court, and not otherwise. This brings us, then, to the question of whether or not the municipal court erred in refusing to grant the application of the petitioner for a change of place of trial.

Section 694-c23, Supplemental Supplement to the Code, 1915, part of the Municipal Court Act, reads as follows:

"Changes of venue may be taken from the said court in all civil actions to the district court in the county in which said municipal court is situated or to another county in the same manner, for like causes and with the same effect as the venue is changed in the district court."

Among the various provisions for a change of venue in the district court are the following, from the Code of 1897:

"Sec. 3501. Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found. In all actions upon negotiable paper, except when made payable at a particular place, * * * the place of trial shall be limited to a county wherein some one of such makers resides."

"Sec. 3504. If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff * * *."

Under these sections of the statute, we are unable to escape the conclusion that the municipal court erred in not complying

with the original motion herein made for a change of place of trial. The modern trend of all holdings along these lines looks to the convenience of the parties, the saving of expense in procuring witnesses, and the acquaintance of jurors with the parties. All matters of this nature require that the litigation should be submitted as near as possible to the residence of the parties.

As the aforesaid act of the legislature created the Avoca division of said district, and gave that division exclusive jurisdiction over litigation arising in its territory, we think the court erred in not granting the motion for a change of venue, and in not ordering the case transferred to the Avoca district court. This question, in its final analysis, is not so much a question of want of jurisdiction as it is a question of venue. It is, in reality, a challenge of the venue of the municipal court, and we are of the opinion that the challenge should have been sustained. This results in the sustaining of the writ of certiorari herein, and the action of the court in refusing a change of venue is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.