STATE EX REL. KLABACKA, Relator, v. CHARLES, Circuit Judge, Respondent.

*September 6—October 3, 1967.*

For the relator there was a brief by *Anderson, Bylsma & Eisenberg* and *Clarence G. Bylsma,* all of Madison, and oral argument by *Clarence G. Bylsma.*

For the respondent there was a brief by *DeBardeleben & Donlin* of Park Falls, and oral argument by *Arthur DeBardeleben.*

HEFFERNAN, J.   All the parties to this action are in agreement that the proper place for trial of the underlying malpractice action is in Dane county, where the defendants in fact resided at the time of the service of the summons and complaint. The controlling statute is sec. 261.01 (12), Stats., which provides:

"OTHER ACTIONS. Of any other action, the county in which any defendant resides at the commencement of the action . . . ."

Sec. 261.03, Stats., under which the defendants proceeded, provides:

"**Change of venue to proper county.** When the county designated in the complaint is not the proper place of trial, except as to actions named in subsection (1) of section 261.01, the defendant may, within twenty days after the service of the complaint, serve upon the plaintiff a demand in writing that the trial be had within a proper county, specifying the county or counties, and the reason therefor. Within five days after service of such demand the plaintiff may serve a written consent that the place of trial be changed, and specify to what county, if he have the option to name one and such consent shall change the place of trial accordingly. If the plaintiff's consent be not so served the defendant may, within twenty days after the service of his demand, move to change the place of trial, and the court or the presiding judge shall order the place changed with costs of motion. The right to obtain a change of the place of trial

shall not be affected by any other proceedings in the action."

The respondent, Judge CHARLES, concluded the demand was insufficient to meet the statutory requirements set forth above. In an exhaustive memorandum opinion he pointed out that, although the demand complies with the requirements of naming the proper county, Dane in this instance, the statute also requires that the reason therefor must also be incorporated in the demand. He further points out that, although two reasons are given in the demand, both of them are legally insufficient. It is clear that the respondent is correct in that respect.

In the type of action being considered, the fact that the acts did not occur in Price county is not a reason for changing the venue to Dane county, and the statement that the defendants do not reside in Price county is insufficient because where they reside at the time of the filing of the demand is irrelevant. Sec. 261.01 (12), Stats., provides that the proper county shall be one "in which any defendant resides at the commencement of the action."

The defendants contend, however, that if a defendant is not a resident at the time of the commencement of the action of the county in which the action is brought, he has the absolute right to have the action removed to his county of residence and that this determination is not a matter of judicial discretion. The right to such a transfer is absolute if sec. 261.03, Stats., is complied with, and this court has so held in *Maher v. Davis & Starr Lumber Co.* (1893), 86 Wis. 530, 57 N. W. 357; *State ex rel. Schauer v. Risjord* (1924), 183 Wis. 553, 198 N. W. 273.

It is clear, however, that the relator's demand was not in strict compliance with the statutory requirements. No proper reasons were stated therein. The relator argues, however, that even though there was not strict

compliance, this court has previously held that all that is required is substantial compliance with the statute. In the case of *State ex rel. Schauer v. Risjord, supra,* a statute similar to sec. 261.03, Stats., was considered by the court. The statute at that time provided that:

"When the county designated in the summons or complaint in any action is not the proper place of trial thereof the defendant may, within twenty days after the service of the complaint, serve upon the attorney for the plaintiff a demand in writing that the trial be had within the proper county, specifying it, unless there be more than one such county, and the reason therefor . . . ."

The defendant therein served his demand upon the plaintiff within twenty days following the service of the summons but prior to the service of the complaint. Mr. Justice ROSENBERRY stated:

"The right to procure a change of venue upon demand is purely a statutory right, and substantial compliance with the statute is necessary . . . ." *Schauer v. Risjord, supra,* page 556.

The court held, however, that the demand therein was premature and ineffective inasmuch as "the question as to which county is the proper county is to be determined from the complaint, not from the summons." While we do not deem that the construction given to the statute by the court at that time was a liberal one, nevertheless it is clear from *Schauer v. Risjord* that strict compliance with the statute is not absolutely necessary, that substantial compliance is sufficient. The respondent, however, relies primarily upon a series of cases which give considerable support to the position that all of the facts that would support a change of venue be set forth in the demand and that there be full compliance with the statute in that regard. *State ex rel. Shawano County v. Werner* (1923), 181 Wis. 275, 279, 194 N. W. 815, states:

"Even though defendants had the right to a change of venue, that right was purely statutory and depended on compliance with the statute."

In the case of *State ex rel. Trost v. Schinz* (1935), 217 Wis. 576, 580, 259 N. W. 601, this court stated:

"The right to change the venue is entirely statutory and the basis for the defendant's right to a change of the place of trial must be found in the statutes."

The case of *Anderson v. Arpin Hardwood Lumber Co.* (1907), 131 Wis. 34, 40, 110 N. W. 788, directs that the statement in the demand not only show:

". . . why the county where the action was brought was not the proper place for the trial, but . . . for a statement of why the particular county to which the change is demanded is the proper place . . . ."

In discussing the entire change of venue procedure, Mr. Justice MARSHALL stated that:

"The scheme taken as a whole . . . contemplates a disclosure by the defendant of every fact required to be placed before the plaintiff's attorney in order for him to respond to the demand within the full scope of his privilege." *Anderson v. Arpin, supra,* page 41.

We need not disagree with the rationale of those cases to conclude that the action taken by the defendant, as viewed in the posture of the lawsuit at that time, was in substantial compliance with the objective of the demand statutes as stated in the above cited cases. The essence of them is that the plaintiff have knowledge of all the facts necessary for him to respond to the defendant's demand for a change of venue. We conclude that the necessary knowledge, the fact that the defendants resided in Dane county at the time of the commencement of the action, was set forth in the plaintiff's own complaint. This court has taken the position that literal compliance with procedural statutes is unnecessary if the parties to an action are not misled thereby and that

such a failure of strict compliance does not result in the working of an injustice on any of the parties. In *Huck v. Chicago, St. P., M. & O. Ry.* (1958), 4 Wis. 2d 132, 137, 90 N. W. 2d 154, we stated:

"This court is disposed to give statutes regulating procedure a liberal interpretation. *Cash Crops Co-operative v. Minnesota Valley C. Co.* (1950), 257 Wis. 619, 622, 44 N. W. (2d) 563, and *Wisconsin Creameries v. Johnson* (1932), 208 Wis. 444, 448, 243 N. W. 498. Another rule of statutory construction which we deem to be applicable here is that great consideration should be given to the object sought to be accomplished by a statute. *State ex rel. Wisconsin Truck Owners Asso. v. Public Service Comm.* (1932), 207 Wis. 664, 678, 242 N. W. 668."

Similar pronouncements have been made by the legislature. For example, sec. 262.01, Stats., provides:

"**Legislative intent.** This chapter shall be liberally construed to the end that actions be speedily and finally determined on their merits. The rule that statutes in derogation of the common law must be strictly construed does not apply to this chapter."

Sec. 263.27, Stats., provides:

"**Pleadings liberally construed.** In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

Thus viewing the record which has been returned to this court on the writ of certiorari, it is apparent that the plaintiff's complaint supplies the very allegations in respect to which she contends the defendants' demand is insufficient. The purpose of secs. 261.03 and 261.01 (12), Stats., is to prevent the hardship and inconvenience to which a defendant may be subjected by having to defend himself in the county in which he is not a resident. It would seem contrary to the clear expression of the legislative intent and purpose of these statutes to permit a plaintiff to bring an action in a county which, from the

face of the complaint, is not a proper county and then later permit him to contend that he can ignore the facts which he has placed in the court record. We do not consider this holding a departure from previous mandates of this court which have emphasized that the essential prerequisite for a change of venue be that the plaintiff have knowledge of the controlling facts. As Mr. Justice ROSENBERRY pointed out in *State ex rel. Schauer v. Risjord, supra,* page 556, ". . . the question as to which county is the proper county is to be determined from the complaint . . . ." It would appear unreasonable to look merely to the caption or the heading on that document and not to the uncontested allegations of the plaintiff therein. We conclude, therefore, that the order of the respondent denying the change of venue must be reversed and the record remanded to the circuit court for Price county for further proceedings consistent with this opinion.

*By the Court.*—Order denying the change of place of trial is reversed. The cause is remanded for further proceedings consistent with this opinion. Relator to recover costs against Virginia Sheridan, the real party in interest.