WILLIAM J. GROGAN, District Attorney Outagamie County
You have requested my opinion regarding change of venue in juvenile delinquency cases to effect cost sharing between two or more counties where, by statute, venue could properly lie in either county. Your specific questions are: (1) Is it lawful in a juvenile delinquency proceeding for a court to grant a motion for a change of venue after adjudication but before the first
dispositional hearing provided that a basis exists for venue in either county; and (2) Is it lawful for parties by agreement to stipulate to a transfer of venue after adjudication but before the first dispositional hearing?
It is my opinion that section 48.185, Stats., the Juvenile Code provision on venue, does not authorize a change of venue after adjudication but before the first dispositional hearing, either upon motion of a party or upon stipulation by the parties.
You ask this question because you are concerned about the following scenario. A crime is committed in county A by a juvenile who resides in county B. Under section 48.185, venue can exist in either county A or county B. If county A initiates juvenile delinquency proceedings, and the juvenile is ultimately placed under a dispositional order, county A is liable for the costs of prosecution as well as the costs resulting from the dispositional order. You seek a method for ensuring that the county of residence of the juvenile will share some of the cost by shifting venue from county A to county B after adjudication and before the first dispositional hearing.
Section 46.26 (4)(a) provides that the Department of Health and Social Services shall bill counties or deduct from statutory allocations to counties for the costs of care, services and supplies purchased or provided by the department for each person receiving services under section 48.34. Section 48.34 establishes all of the disposition alternatives for a child adjudged delinquent. Section 46.26 (4)(b) provides that liability for such care, services and supplies *Page 101 
shall apply to the county public welfare or social service departments established by designated statutes "in the county of the court exercising jurisdiction under ch. 48 for each person receiving department services under ss. 48.34 . . . ."
Section 48.185 currently provides as follows:
 Venue. (1) Venue for any proceeding under ss. 48.12, 48.125, 48.13, 48.135, 48.14 and 48.18 may be in any of the following: the county where the child resides, the county where the child is present or, in the case of a violation of a state law or a county, town or municipal ordinance, the county where the violation occurred. Venue for proceedings brought under subch. VIII is as provided in this subsection except where the child has been placed and is living outside the home of the child's parent pursuant to a dispositional order, in which case venue is as provided in sub. (2).
 (2) Venue for any proceeding under s. 48.363 or 48.365, or under subch. VIII when the child has been placed outside the home pursuant to a dispositional order under s. 48.345, shall be in the county where the dispositional order was issued, unless the child's county of residence has changed, or the parent of the child has resided in a different county of this state for 6 months. In either case, the court may, upon a motion and for good cause shown, transfer the case, along with all appropriate records, to the county of residence of the child or parent.
Under section 48.185(1), jurisdiction of a delinquency proceeding may be had in the county where the child is present or the county where the violation of law occurred. The statute does not state how the counties are to decide which of them shall assert jurisdiction when the county of residence, presence and violation are not the same.
Section 48.185 provides for a change of venue for subsequent dispositions, that is revisions or extensions of the original order. Under subsection (2), venue for any proceeding under sections 48.363 (revision) or 48.365 (extension) shall be in the county where the dispositional order was issued, but the court, upon a motion and for good cause shown, may transfer the case to the county of residence of the child or parent if the child's county of residence has changed or the parent has resided in a different county of the state for six months. *Page 102 
By its own terms, section 48.185 makes no provision for change of venue except in the limited circumstances described in section48.185(2), i.e., for a revision or extension of an existing order. In order to interpret the statute to authorize a change of venue from the county where the crime was committed to the county of the child's residence for the purpose of cost-sharing, I would have to find some indication that the Legislature intended to allow such a change of venue upon motion or by stipulation.
I am unable to discern such intent on the part of the Legislature. Reading sections 48.185 and 46.26 together, it is apparent that the county which accepts jurisdiction and prosecutes a delinquency action which culminates in a dispositional order under section 48.34 shall be liable to the department for all costs associated with such a dispositional order. There is nothing in the legislative history of sections48.185 or 46.26 that suggests that distribution of costs between counties was of concern to the Legislature in the question of venue.
Prior to 1955, there was no specific venue provision in the predecessor to the Children's Code, The Chapter on Child Protection and Reformation. Venue apparently was in the county of the child's residence, with the county where the child was present, if different, having concurrent venue. Sec. 48.01(5), Stats. (1953). In 1955, section 48.16, the first section specifically dealing with venue, was created to read as follows:
 VENUE. Venue for any proceeding under ss. 48.12 and 48.13 shall be in any of the following: the county where the child resides, the county where he is present or, in the case of a violation of a state law or a county, town or municipal ordinance, the county where the violation occurred.
Chapter 364, Laws of 1977, made the following change:
 SECTION 28. 48.16 of the statutes is renumbered 48.185 and amended to read:
 48.185 Venue. Venue for any proceeding under ss. 48.12 [and]*, 48.125, 48.13,[shall]* 48.135, 48.14 and 48.18 may be in any of the following: the county where the child resides, the county where [he]* the child is present or, in the case of a violation of a state law or a county, town or municipal ordinance, the county where the violation occurred. Venue for any proceeding under s. 48.363 or 48.365 shall be in the county where the dispositional order was *Page 103 issued, unless the child's county of residence has changed, or the parent of the child has resided in a different county of this state for 6 months. In either case, the court may, upon a motion and for good cause shown, transfer the case, along with all appropriate records, to the county of residence of the child or parent.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Chapter 330, Laws of 1979, changed the statute to its current form:
 48.185 Venue. (1) Venue for any proceeding under ss. 48.12, 48.125, 48.13, 48.135, 48.14 and 48.18 may be in any of the following: The county where the child resides, the county where the child is present or, in the case of a violation of a state law or a county, town or municipal ordinance, the county where the violation occurred. Venue for proceedings brought under subch. VIII is as provided in this subsection except where the child has been placed and is living outside the home of the child's parent pursuant to a dispositional order, in which case venue is as provided in sub. (2).
 (2) Venue for any proceeding under s. 48.363 or 48.365, or under subch. VIII when the child has been placed outside the home pursuant to a dispositional order under s. 48.345, shall be in the county where the dispositional order was issued, unless the child's county of residence has changed, or the parent of the child has resided in a different county of this state for 6 months. In either case, the court may, upon a motion and for good cause shown, transfer the case, along with all appropriate records, to the county of residence of the child or parent.
The legislative history of section 48.185, which was amended in 1977 and 1979, sheds some light on the Legislature's intention. Before the 1977 amendment of section 48.185 (previously section48.16), the statute did not contain any of what is now subsection (2) of section 48.185. Section 48.16, the old statute, is in many respects the same law as current section 48.185(1). The 1977 amendment added the section recognizing the change of the child's or parent's residence as cause for changing venue, but only in case of an alteration of an already established order pursuant to sections 48.363 and 48.365. Change of venue for good cause was added with these provisions and did not exist before 1977. The change of venue clause appears to only refer to the circumstances defined in section *Page 104 
48.185(2), not to a general switch of venue in any juvenile proceedings.
In 1979, the Legislature enacted Assembly Bill 656, which, for the most part, dealt with modifying laws governing termination of parental rights. Section 48.185 was also amended in Assembly Bill 656. The change of venue for "good cause" clause was placed in a separate subsection. Before 1979, this language was together with the language of section 48.185(1). Before the statute was split into two parts, there might be grounds to believe the change of venue applied to all the preceding text of section 48.185. By separating the clause beginning "in either case" in subsection (2) the Legislature purposely removed subsection (1) from the effect of this wording. The Legislature evidenced concern for protecting the child's and family's interests, not the state's convenience, by the changes of 1977 and 1979.
This concern can be seen in subsection (2) which allows only transfer to the parent's or child's resident county; it does not allow transfer, for example, to the county where the crime occurred, from the county of residency. This further demonstrates the Legislature's concern was for protection of the family not cost considerations of the counties.
In addition, several general principles of law gravitate against a finding that for the sake of cost-sharing, counties may change venue midstream. In the first place, your suggestion that change or venue should be allowed between two stages of the delinquency proceedings is unique. Change of venue is ordinarily afforded at the beginning of judicial proceedings. I find no place in the statutes where a change of venue is authorized midstream. Chapter 48, the Children's Code, clearly anticipates one continuous proceeding from the filing of the delinquency petition through the eventual termination of the dispositional order. One would certainly expect that if the Legislature had intended to allow a change of venue at the time you suggest, it would have made that intent clear and apparent.
There is nothing in the Children's Code or the general principles of venue which suggest venue is intended to help distribute costs or to effect cost-sharing. The basic function of venue statutes is to set a fair and convenient location for trial.Voit v. Madison Newspapers, Inc., 116 Wis.2d 217, 224,341 N.W.2d 693 (1984). The right to a change of venue is purely statutory and the basis for a change must *Page 105 
be found in the statutes. State ex rel. Klabacka v. Charles,36 Wis.2d 122, 129, 152 N.W.2d 857 (1967). In addition, the focus of the entire Children's Code is on the best interest of the child, with a goal toward preserving the family wherever possible. See sec. 48.01, Stats.; State ex rel. Herget v.Waukesha Co. Cir. Ct., 84 Wis.2d 435, 267 N.W.2d 309 (1978). In light of these evident policies, it would be quite difficult to read your proposal into section 48.185.
For these reasons, I do not believe that section 48.185
authorizes switching venue once established in any potentially eligible county, either by stipulation or motion, except under section 48.363 or 48.365 and subchapter VIII proceedings where the child has been placed outside of his home.
If the statute does not allow changing venue after it has been established under section 48.185(1) in one of three counties, it clearly does not allow changing venue midstream. To allow change of venue prior to the first dispositional hearing could greatly inconvenience all of the parties to the fact finding hearing, while complicating the ultimate disposition. A new judge, who did not hear the delinquency issues, would decide disposition. This appears to be inconsistent with the overall policy of the Children's Code and the strong legal policy to have the same judge who heard the facts determine disposition.
By expressing my opinion on the meaning of section 48.185, I express no view on the legality of any cost-sharing arrangements between counties which are implemented by means other than a change of venue.
BCL:SLW *Page 106