**STATE of Iowa, Plaintiff–Appellee,**

v.

**Michael EWART, Defendant–Appellant.**

**No. 91–1818.**

Court of Appeals of Iowa.

May 4, 1993.

Alfredo Parrish and Elizabeth S. Kruidenier of Parrish & Kruidenier, Des Moines, for defendant-appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber and Thomas H. Miller, Asst. Attys. Gen., and Michael P. Short, County Atty., for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Michael Ewart appeals following his conviction by jury the first-degree murder of his wife, Melissa. Defendant contends the trial court erred (1) in overruling his motion for change of venue, (2) in failing to grant a new trial because the jury panel was not selected according to Iowa Code chapter 607A, and (3) in preventing a full cross-examination of a State's witness.

Defendant and his wife, Melissa, were separated. They met in a parking lot across from the police station in Keokuk, Iowa, to exchange custody of their daughter. Defendant's wife was accompanied by Gary Jenkins. Defendant stabbed Melissa with a knife. The resulting injuries caused her death. Defendant has not denied inflicting the injuries that resulted in Melissa's death. His defense at trial was he had not formed the requisite intent to commit first-degree murder and he should have been convicted of a lesser charge.

■ Melissa was killed on February 25, 1991. Defendant was arrested the next day and trial was held in September 1991. Before trial defendant moved for a change of venue. Iowa Rule of Criminal Procedure 10(10)(b) provides:

If the court is satisfied from a motion for a change of venue and the evidence introduced in support of the motion that such degree of prejudice exists in the county in which the trial is to be had that there is a substantial likelihood a fair and impartial trial cannot be preserved with a jury selected from that county, the court either shall order that the action be transferred to another county in which the offensive condition does not exist, as provided in paragraph "c", or shall order that the trial jury be impaneled in and transferred from a county in which the offensive condition does not exist, as provided in paragraph "d."

When venue is changed it can be done by moving the entire trial or going to another county to select a jury and returning to the original county for trial.

The incident happened in Lee County. Lee County is unique because it is a county divided for judicial purposes. *See* Iowa Code § 607A.23.

The trial judge determined to change venue from South Lee County in Keokuk by going to North Lee County at Fort Madison to select jurors.

The trial court in determining venue should be changed included his own observation as a resident of Keokuk that the case was thoroughly discussed in Keokuk, and the families of the accused and the victim are well known in that community.

The trial court found there was evidence a fair jury could not be found in Keokuk. The trial court following Iowa Rule of Criminal Procedure 10(10)(b) ordered the jury to be selected at Fort Madison.

The next question not as easily answered is whether a change from Keokuk in South

Lee County to Fort Madison in North Lee County is a change of venue.

Lee County, one of Iowa's oldest counties and at one time Iowa's largest county, has a unique characteristic. On January 24, 1848 after Iowa obtained its statehood an act entitled "an act fixing the times and places of holding the district courts in the first judicial district" created two jury districts and two different places to hold court in Lee County. The 1848 Act was found by the Iowa Supreme Court in *Trimble v. State*, 2 Greene 404 (1850), to be constitutional. "The act in question does not reduce or in any way change it territorially. The act only affects the internal and municipal organization and interest of the county." 2 Greene at 409.

Iowa Code Section 607A.23 provides:

In counties which are divided for judicial purposes, and in which court is held at more than one place, *each division shall be treated as a separate county*, and the grand and petit jurors, selected to serve in the respective courts, shall be drawn from the division of the county in which the court is held and at which the persons are required to serve. (Emphasis supplied).

When the trial court directed the jury be chosen in North Lee County, it changed venue to another county. Defendant did get a change of venue. We find no merit to his argument on this issue.

Defendant next contends the jury panel was not selected under the dictates of Iowa Code chapter 607A, therefore, he is entitled to a new trial.

Our supreme court has decided section 607A.22(3) allows a jury manager the discretion of using only the voter registration list and motor vehicle operators list in selecting a jury master list. *See State v. Jones*, 490 N.W.2d 787, 794 (Iowa 1992); *State v. Johnson*, 476 N.W.2d 330, 333 (Iowa 1991). There is no merit to defendant's claim.

Defendant last contends the district court erred in failing to allow full cross-examination of a State's witness.

During cross-examination of a State's witness, Jenkins, defendant's attorney asked Jenkins about prior criminal charges filed against him. The State objected to this line of questioning as irrelevant and immaterial. The trial court sustained the State's objection and granted defendant the right to make an offer of proof at a later time. Later during cross-examination of Jenkins, defendant's attorney asked about the dismissal of the prior charges. The State objected to this line of questioning as irrelevant. The trial court sustained the State's objection.

Defendant contends the questions about the charges filed against Jenkins and the dismissal of the charges went to the issue whether or not the jury should be able to consider whether the charges were dropped to motivate Jenkins to testify favorably for the State and to show he may have been an instigator in the events leading up to the victim's death.

The trial court found the reason for dismissal of the charges filed against Jenkins was irrelevant to the issue of Jenkins' credibility. However, defendant was allowed to ask Jenkins about the facts of the alleged assault.

Defendant's attorney asked the trial court to reconsider its ruling barring inquiry into the dismissal of the charges against Jenkins. The trial court denied defendant's request.

The next day the trial court reconsidered its ruling and allowed defendant's attorney to question Jenkins about the facts and dismissal of the charges. Both the county attorney and Jenkins said no bargain had been made in exchange for his testimony.

Without considering whether the trial court erred, we do not find defendant was prejudiced by the one-day delay of cross-examination of Jenkins to this line of inquiry.

**AFFIRMED.**