# IN THE SUPREME COURT OF IOWA

No. 113 / 06–0667

Filed August 29, 2008

**NATALIE FROMAN** and
**RANDY FROMAN,**

    Appellees,

vs.

**KEOKUK HEALTH SYSTEMS, INC.** and
**KEOKUK HEALTH SYSTEMS, INC.**
**d/b/a K.A.M.E. PHARMACY,**

    Appellants.

_____

Appeal from the Iowa District Court for Lee County (north division),
Mary Ann Brown, Judge.

Defendants in a personal injury action appeal from the denial of their
motion for change of venue. **REVERSED AND REMANDED.**

Chad M. Von Kampen of Simmons, Perrine, Albright & Ellwood,
P.L.C., Cedar Rapids, for appellants.

George E. Wright of Wright Law Firm, Fort Madison, for appellees.

**HECHT, Justice.**

Defendants Keokuk Health Systems, Inc. and Keokuk Health Systems, Inc. d/b/a K.A.M.E. Pharmacy (jointly referred to as KHS) seek interlocutory review of the district court's denial of their motion to change venue from the Iowa District Court for Lee County at Fort Madison to the Iowa District Court for Lee County at Keokuk. We conclude venue in this case is not proper in Fort Madison, and therefore reverse the district court's ruling.

### I.     Background Facts and Proceedings.

In the earliest days of the State of Iowa, Lee County was the largest and most populous county in the state. *See Trimble v. State*, 2 Greene 404, 409 (Iowa 1850). The expansive size of the county prompted the First General Assembly to create two locations for the Lee County District Court—Fort Madison and Keokuk. *An act fixing the times and places of holding the District Court in the first judicial district*, 1 G.A. (extra session) ch. 52, §§ 1–4 (approved Jan. 24, 1848) ("1848 Act"); *see State v. Ewart*, 502 N.W.2d 624, 625–26 (Iowa Ct. App. 1993). This administrative anachronism continues today, with a district courthouse for Lee County in both Fort Madison and Keokuk.

On January 30, 2006, Natalie and Randy Froman filed a petition in the Iowa District Court for Lee County at Fort Madison (north division of Lee County), alleging KHS negligently filled a prescription for medicine. KHS filed a pre-answer motion under Iowa Rule of Civil Procedure 1.808(1) requesting a change of venue to the Iowa District Court for Lee County at Keokuk (south division of Lee County) where KHS's pharmacy is located, and where the prescription was filled. KHS contended venue was proper only in Keokuk because the north and south Lee County divisions of the district court are different counties for venue purposes. The district court

denied the motion, concluding venue for this action is proper under Iowa Code section 616.18 (2005) in either the north Lee County or the south Lee County division. We granted interlocutory review.

## II. Scope of Review.

This case involves a legal determination of whether the plaintiffs filed their suit in a proper place under the venue provisions of Iowa Code chapter 616. We review this matter for correction of errors at law. *Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 679 (Iowa 2005).

## III. Discussion.

We are called upon in this case to construe the term "county" in Iowa Code section 616.18, the personal injury venue statute which provides:

> Actions arising out of injuries to a person . . . may be brought in the county in which the defendant . . . is a resident or in the county in which the injury or damage is sustained.

*Id.* § 616.18.[1] It is undisputed KHS resides in Lee County for venue purposes. Thus, under the plain language of section 616.18, venue was proper in Lee County. The Fromans urge us to end our analysis there, permitting suit in either division of Lee County.

KHS contends, however, the term "county," as used in section 616.18, should be construed to refer to each division in a county with more than one judicial division. In support of its contention, KHS relies on a provision within Iowa Code chapter 607A, the code chapter which prescribes

---

[1]The parties agree section 616.18 is the relevant venue statute in this case. Although we assume this to be true because the parties have not asserted another statute controls, this court previously held section 616.17 "is controlling in those cases where the 'injury or damages' exception in section 616.18 does not apply." *Tull v. Honda Research & Dev.*, 469 N.W.2d 683, 686 (Iowa 1991). Section 616.17, the general personal action venue statute, requires that personal actions "must be brought in a county in which some of the defendants actually reside" or, if no defendant resides in the state, a county in which a defendant may be found. In other words, "the only time section 616.18 would apply is when the injury or damage is sustained in a county where none of the defendants resides." *Tull*, 469 N.W.2d at 686. The record does not disclose where the injury or damage alleged by the Fromans occurred.

procedures for the selection of jurors. Section 607A.23 provides in relevant part:

> In counties which are divided for judicial purposes, and in which court is held at more than one place, *each division shall be treated as a separate county*, and the grand and petit jurors, selected to serve in the respective courts, shall be drawn from the division of the county in which the court is held and at which the persons are required to serve.

*Id.* § 607A.23 (emphasis added).

In determining what meaning the legislature ascribed to the term "county" in sections 607A.23 and 616.18, it is useful to review the historical background of the judicial divisions within the Lee County District Court and the development of the relevant venue statute. The practice of holding district court proceedings in both Fort Madison and Keokuk was codified soon after Iowa achieved statehood. In the 1848 Act, the legislature prescribed court would be held in both cities commencing February 1, 1848. The legislation further provided the "district courts shall have concurrent jurisdiction in all civil causes in said county, except appeals from justices of the peace in the city of Keokuk and in the townships of Jackson, Des Moines, and Montrose."[2] We upheld the validity of the judicial division of Lee County in *Trimble*, 2 Greene at 409, noting the division "only affect[ed] the internal and municipal organization and interests of the county." The current version of the Iowa Code dictates that "[i]n any county having two county seats, court shall be held at each." Iowa Code § 602.6105(2).[3]

---

[2]Criminal cases were treated differently. The district court in Keokuk was to have exclusive jurisdiction in all criminal cases in the City of Keokuk and in the townships of Jackson, Des Moines, and Montrose; and the district court in the City of Fort Madison was to have exclusive jurisdiction in all other criminal cases filed in Lee County. 1848 Act §§ (3), (4).

[3]Lee County is currently the only county in Iowa with two county seats, and consequently, this general statute applies only to Lee County.

The venue statute that is the subject of this case has its origins in the 1851 Code of Iowa. Section 1701 of the 1851 Code provided:

> Except where otherwise provided, personal actions must be brought in a county wherein some of the defendants actually reside. But if none of them have any residence within this state they may be sued in any county wherein either of them may be found.

The 1851 venue chapter did not expressly address venue in counties with multiple judicial divisions. *See* Iowa Code ch. 101 (1851). Nor was there a reference to multiple-court counties in the jury selection chapter of the 1851 Code. *See generally id.* ch. 96; *State v. Higgins*, 121 Iowa 19, 21–22, 95 N.W. 244, 246 (1903) (noting, as of 1903, there was no provision in the Iowa Code as to the territory from which a jury should be drawn). Despite the lack of an express statutory grant of authority for such an arrangement, it appears the practice in Lee County in 1851 was to draw jurors only from the division in which the case was heard. *Trimble,* 2 Greene at 409. We held in *Trimble* this practice did not violate the Iowa Constitution's guarantee of a speedy and public trial by jury. *Id.* at 410. The practice was later codified in the predecessor to section 607A.23. *See* Iowa Code § 335-b (1913).

When considered together, section 616.18 and section 607A.23 create ambiguity and pose the question we must resolve in this case: Whether the legislature intended the two judicial divisions in Lee County to be considered two "counties" in the determination of proper venue under section 616.18. *See Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 425 (Iowa 2002) (noting ambiguity "may arise from specific language used in a statute or when the provision at issue is considered in the context of the entire statute or related statutes"). Put another way, we must decide whether the legislature intended the north and south divisions

of the Lee County District Court be considered separate counties not only for the selection of jurors, but also for the determination of proper venue.

Our resolution of this issue is aided by well-established rules of statutory construction. We examine not only the language of the relevant statutes, but also their underlying purposes and policies, as well as the consequences stemming from different interpretations. *Iowa Comprehensive Petrol. Underground Storage Tank Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 364 (Iowa 2000). When possible, we seek to construe venue statutes so as to minimize forum shopping. *Richards*, 699 N.W.2d at 683.

We have noted "the purpose of venue statutes 'is to prevent the hardship and inconvenience to which a defendant may be subjected by having to defend himself in [a] county in which he [does not reside].'" *Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 422 (Iowa 2005) (quoting *State ex rel. Klabacka v. Charles*, 152 N.W.2d 857, 861 (Wis. 1967)). A person's "interest in not being sued in the wrong county [is] an important social value." *Id.* at 421.

In determining the meaning of the term "county" as used in the venue chapter, we recognize venue controls the geographic vicinage of the potential jury pool. Particularly in the modern world where travel from one end of a county to another does not usually present a significant hardship for litigants, the identity of the potential jurors is perhaps the single-most important factor affecting a litigant's choice among alternative proper venues. In recognition of the strong correlation between venue and the selection of members of the jury pool, our rules of civil procedure allow a party to obtain a change of venue "[i]f . . . the inhabitants of the county are so prejudiced against the moving party or if an adverse party has such an undue influence over the county's inhabitants that the movant cannot obtain a fair trial." Iowa R. Civ. P. 1.801(3); *see also Ewart*, 502 N.W.2d at

626 (holding where a trial court found a fair jury could not be found in South Lee County, order directing jurors be drawn from North Lee County effected a change of venue). This substantial interrelation between venue and the selection of jurors counsels in favor of considering the impact of chapter 607A when determining the meaning of similar terms in chapter 616. For the reasons that follow, we conclude the north and south divisions of Lee County are separate "counties" for purposes of determining proper venue.

The principles and policies underlying the venue statute support our conclusion. Venue statutes are intended to promote the convenience of litigants. *Richards,* 699 N.W.2d at 682 ("[I]t must be remembered that venue statutes are statutes of convenience."). As between the parties to personal actions, the legislature has stated a venue preference for resident defendants by requiring such actions be brought in a county in which some of the defendants actually reside unless no defendant resides in Iowa. Iowa Code § 616.17. Although KHS makes no serious claim it would experience hardship if it must defend this suit in Fort Madison rather than in nearby Keokuk, we have previously acknowledged the judicial division of Lee County results in at least a modicum of additional convenience "to attorneys, court personnel, litigants, and potential jurors." *State v. Morgan,* 559 N.W.2d 603, 610 (Iowa 1997) (discussing Iowa Code section 607A.25).

As the Fromans make no claim in this case their injuries were sustained elsewhere, venue in this case is based on the portion of section 616.18 which correlates venue to the defendant's place of residence. Under the circumstances presented here, section 616.18 plainly favors venue in the forum closest to the defendant's residence. In this case, that forum is in Keokuk, where the defendants reside. *See Gumbert v. Sheehan,* 200 Iowa 1310, 1314, 206 N.W. 604, 605 (1925) (stating matters of venue "require

that the litigation should be submitted as nearly as possible to the residence of the parties"). It would be anomalous to allow a party to use the portion of a statute designed primarily to provide the most convenience to the defendant to force the defendant into a less-convenient forum, even if the inconvenience would be slight.

Finally, the construction of section 616.18 we adopt today prevents forum shopping in Lee County. By filing suit in Fort Madison, the Fromans not only chose where in Lee County the case would be heard, but *by whom* it would be heard because section 607A.23 requires jurors be drawn from the division in which the court is held. As he candidly conceded at oral argument, the Fromans' counsel perceived a tactical advantage in having the case heard by a jury drawn from the Fort Madison area, where he resided, rather than a jury drawn from the Keokuk area, where the defendants reside and do business. The plaintiffs' motivation for choosing Fort Madison, then, was unrelated to the convenience to the litigants, and therefore did not advance the policies underlying section 616.18. Regardless of whether the possible tactical advantage gained by the Fromans as a consequence of litigating this matter in Fort Madison rather than Keokuk is real or merely perceived, we decline to construe the venue chapter to encourage forum shopping. *Richards*, 699 N.W.2d at 683.

We therefore conclude each division of Lee County is a "county" for purposes of the determination of proper venue under section 616.18. As KHS resides in the south division of Lee County, and the Fromans make no claim their injuries were suffered elsewhere, venue in this case is not proper in the north division. KHS made a timely motion for change of venue to the south division. The district court erred in failing to order the requested change. Iowa R. Civ. P. 1.808(1) (providing where an action is brought in

the wrong county and a defendant moves for change of venue before filing an answer, "the court shall order the change at plaintiff's costs").

## IV.    Conclusion.

Proper venue for the Fromans' suit is in the south division of the Lee County District Court.  We therefore reverse the district court's denial of the defendant's motion to change venue, and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All justices concur except Baker, J., who takes no part.